David Henry GARCIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–92–626–CR.

Court of Appeals of Texas,
Corpus Christi.

Jan. 13, 1994.

Rehearing Overruled Feb. 28, 1994.

Chester Gonzalez, Gonzalez & Garza, Brownsville, for appellant.

Luis V. Saenz, County (Crim. Dist.) Atty., John A. Olson, Asst. County (Crim. Dist.) Atty., Brownsville, for appellee.

Before SEERDEN, C.J., and YAÑEZ and DORSEY, JJ.

## OPINION

YAÑEZ, Justice.

A jury convicted appellant of possession of less than twenty-eight grams of cocaine. The trial judge assessed punishment at forty years in prison. Called to investigate a neighborhood disturbance in La Feria, police arrested appellant for public intoxication. A cursory pat-down search for weapons yielded nothing. After taking appellant to the police station for booking, the arresting officer returned to his patrol car and found cocaine, marihuana, and a syringe under the back seat. Inside the police department, officers conducted a more extensive search of appellant. They discovered a small bag of marihuana in his shoe and another in his sock. Appellant complains of evidentiary insufficiency and of error in the introduction of an extraneous offense. We reverse and remand.

First, appellant contends there is insufficient evidence to link him to possession of the controlled substance. To prove possession, the State had to show that appellant exercised care, control and management over the contraband, and that he knew that what he possessed was contraband. TEX.HEALTH & SAFETY CODE ANN. § 481.002(38) (Vernon 1992); *Guiton v. State*, 742 S.W.2d 5, 8 (Tex. Crim.App.1987); *Prophet v. State*, 815 S.W.2d 836, 837 (Tex.App.—Corpus Christi 1991, pet. ref'd). The State had to affirmatively link appellant to the cocaine by establishing facts such that a reasonable inference may arise that appellant knew of the cocaine's existence and that he exercised control over it. *Dubry v. State*, 582 S.W.2d 841, 843 (Tex.Crim.App.1979). The State need not show possession by any set formula. The determination depends on the facts of each case. *Reid v. State*, 749 S.W.2d 903, 905 (Tex.App.—Dallas 1988, pet. ref'd). Appellant contends that no possession was shown because, handcuffed, he could not

have deposited the contraband beneath the car seat cushion, and the only way he could have accessed the contraband was if it was in his back pockets. The arresting officer testified that he found nothing in appellant's back pockets.

Upon arrest, Officer Edge handcuffed appellant behind the back. He then conducted a brief pat-down search of appellant's person before placing him in the patrol car. Officer Edge explained that the pat-down search is "just a brief check for weapons." He detected no weapons or contraband on appellant. With the pat-down search, Edge stated that he would not have been able to find a small object, such as a small baggie of cocaine hidden in appellant's underwear. After frisking appellant, Edge placed him in the back seat of the patrol car and transported him to the police station. The drive took less than a minute. Appellant was alone in the back seat. In his rear view mirror, Officer Edge observed appellant moving around. He could hear something like a cigarette package or foil crinkling. Edge escorted appellant into the police station, then returned to check his vehicle. He pulled out the seat cushion. Under it, Edge found a syringe (roughly six inches long) and a small plastic bag containing three smaller packages of a white powdery substance. The substance was later determined to be cocaine. He also found a small bag containing a green leafy substance Edge believed to be marihuana. Edge customarily searches his patrol car before and after every shift, and after every arrest to make sure nothing has been placed there. He did so before his shift began the night of appellant's arrest, and the car was clean.

■ Officer Edge testified that he checked under the seat of the car before his shift that day as was his common practice. Appellant was the first person Edge arrested that shift. Edge said he has previously found drugs in the back seat of his patrol car without being able to identify their source. Although another police officer testified that officers sometimes fail to search their automobiles before their shifts, we find that sufficient evidence exists to support the jury's determination that appellant exercised care, control,

and management over the contraband by putting the cocaine under the back seat of the patrol car and that he knew the substance was contraband. *See Prophet,* 815 S.W.2d at 837. Point one is overruled.

By point two, appellant contends that the trial court reversibly erred by admitting evidence of an extraneous offense. When the arresting officer found the cocaine and marihuana under the seat, he took it back into the station where appellant was being held. He and another officer then searched appellant more thoroughly. They found a baggie of marihuana in appellant's shoe and one in his sock. The trial court admitted this evidence over appellant's objection. Appellant argues that the testimony about the marihuana in his shoe and sock is evidence of other crimes and wrongs offered to show appellant's character and tendency to commit crimes, and should have been excluded under rules 402, 403 and 404(b) of the Rules of Criminal Evidence.

■ The general rule regarding the admissibility of extraneous offenses is that an accused may not be tried for a collateral crime or for being a criminal generally. *Williams v. State,* 662 S.W.2d 344, 346 (Tex. Crim.App.1983). However, evidence of other crimes, wrongs, or acts may be admissible if it has relevance apart from its tendency to prove the character of a person to show that he acted in conformity therewith. Tex. R.Crim.Evid. 404(b); *Montgomery v. State,* 810 S.W.2d 372, 387 (Tex.Crim.App.1990). Under *Montgomery,* we must first determine if the extraneous offense had any relevance beyond its tendency "to prove the character of the person and to prove that he acted in conformity therewith." *Montgomery,* 810 S.W.2d at 387. Permissible purposes for such evidence include showing motive, opportunity, intent, preparation, plan, knowledge, identity, or lack of mistake or accident. Tex. R.Crim.Evid. 404(b). If the evidence has no relevance other than to show character conformity, it is inadmissible. The State claims that the evidence was admissible to show appellant's knowledge and opportunity.

■ The evidence that appellant secreted one controlled substance on his person could

arguably indicate that he possessed another type of controlled substance and attempted to rid himself of both by placing them under the seat of the patrol car. *See Rogers v. State,* 853 S.W.2d 29, 32 (Tex.Crim.App. 1993). The presence of the marihuana in appellant's shoe and sock could show an attempt to hide the substance, indicating guilty knowledge. The fact that appellant secreted contraband on his person that the officer did not discover earlier could indicate opportunity. So too, the evidence circumstantially shows that appellant may have taken the opportunity to divest himself of any items in his back pocket, but the contraband in his shoe and sock were inaccessible, and therefore still on his person. We speculate upon these rationales justifying the use of the marihuana evidence with consternation, because, as Justice Clinton observes in his concurring opinion in *Rogers,* the "relevance" of this evidence is precisely of the "character conformity" variety proscribed by rule 404(b). The State could have indicted appellant for possession of both marihuana and cocaine but did not. We believe the use of the marihuana evidence was not relevant to prove knowledge or opportunity.

In the past, this evidence would have been admissible as "res gestae" of appellant's arrest, to show the context or circumstances surrounding the offense. *See Archer v. State,* 607 S.W.2d 539, 542 (Tex.Crim.App. 1980), *cert. denied,* 452 U.S. 908, 101 S.Ct. 3037, 69 L.Ed.2d 410 (1981) (pills and capsules found on appellant at time of arrest admissible as res gestae in conviction for unlawful possession of a firearm); *Franklin v. State,* 494 S.W.2d 825, 827 (Tex.Crim.App. 1973) (red pills found with marihuana at execution of search warrant were admissible as res gestae whether alleged in the indictment or not). However, the Court of Criminal Appeals in *Rogers v. State* has recently passed on the issue of "same transaction contextual evidence," holding that such evidence may be admissible if it is "necessary" to the jury's understanding of the offense, that is, it is impossible to present a coherent picture of the charged offense without inadvertently proving the other crime or wrong. *See Rogers,* 853 S.W.2d at 34, 36. The *Rogers* court goes on to state that same transac-

tion contextual evidence will be admissible on grounds of necessity only if the facts and circumstances of the instant offense would make little or no sense without also bringing the same transaction contextual evidence. *Id.* at 33. In this instance, the marihuana evidence has no other relevance but to show character conformity, and the State could have proved the charged offense without referring to the extraneous offense. Such evidence is substantially more prejudicial than probative. *See Rogers,* 853 S.W.2d at 35 (Clinton, J., concurring).

█ We hold that the evidence of marihuana possession was inadmissible under rules 404(b) and 403. In assessing harm, we acknowledge that all of the previously discussed testimony from Edge about appellant's movement in the back seat and the hidden contraband Edge found later indicates appellant's guilty knowledge. Edge's testimony that no contraband was present in the car before appellant was placed in it, and the handcuffing demonstrations before the jury, sufficiently establish appellant's opportunity to place the contraband underneath the seat. Thus, the record indicates that the State had no need of the extraneous marihuana possession because it had demonstrated knowledge and opportunity already. *See Montgomery,* 810 S.W.2d at 392. However, due to the inherently prejudicial nature of extraneous offense evidence, we are not convinced beyond a reasonable doubt that the introduction of this evidence made no contribution to appellant's conviction. Tex. R.App.P. 81(b)(2). Accordingly, we reverse the trial court's judgment and remand the cause for a new trial.

DORSEY, Justice, dissenting.

I dissent from the disposition of the case and the analysis of the Court in the application of Rules 404(b) and 403 of the Rules of Criminal Evidence. That analysis concerns the admissibility of the marihuana found on the person of the defendant after a complete search at the jail.

Rule 404(b) renders inadmissible evidence of other crimes for the purpose of proving the character of a person to show he acted in conformity with that trait in the commission of the charged offense. For example, in the

prosecution for possession of a drug, evidence may not be admitted that he had earlier possessed other drugs in order to show he generally has drugs and is, therefore, guilty of the present offense. In *Montgomery v. State,* 810 S.W.2d 372, 387 (Tex.Crim.App. 1990) (opinion on reh'g), the court explicitly held that the other crime must be relevant to one of the enumerated exceptions set out in Rule 404(b), e.g., to show motive, intent, identity, etc., in order to be admissible. If the proffered evidence has no relevance apart from the defendant's character, it is not admissible.

In *Rogers v. State,* 853 S.W.2d 29 (Tex. Crim.App.1993), the court held the listing of purposes for which evidence of other crimes is admissible under Rule 404(b) is not exclusive, and added another reason such evidence is admissible: that of necessity, which is narrowly construed. It is held that "[o]nly if the facts and circumstances of the instant offense would make little or no sense without also bringing in" the evidence of the other crime will it be admitted. *Id.* at 33. The concurring opinion agrees that "necessity" means that it would be "impossible to present a coherent picture of the charged offense without inadvertently proving the 'other crime, wrong, or act.'" *Id.* at 36.

Appellant was charged with possession of cocaine. The cocaine was found, along with a syringe and marihuana, under the back seat of a police cruiser after he had been removed from it. The central question in the case was whether the cocaine was appellant's, as no contraband was found on him when he was searched prior to being placed in the patrol car. After the syringe, cocaine, and marihuana were found in the car, appellant was subjected to a thorough search that revealed small bags of marihuana in his sock and shoe. Evidence of the finding of this marihuana was objected to and its admissibility is the subject of my disagreement with the majority.

There was evidence that appellant was squirming around in the back of the police car with his hands handcuffed behind his back while being transported to the police station. The state argues that the marihuana found in appellant's sock and shoe is relevant to his opportunity to remove the cocaine, syringe, and marihuana from his pockets while handcuffed in the back of the police car. The supposition is that he removed contraband from areas accessible while so confined, but was unable to remove that which was hidden in areas of his person he could not reach.

I believe the evidence was properly admitted because it was relevant to matters other than the character of the defendant as a "possessor of contraband drugs." First, it tended to show the opportunity of appellant to discharge some but not all contraband from his person, and second, it tended to show the search of appellant before he was placed in the police car was indeed cursory.

No drugs were found on appellant when he was first arrested. That search was described as a "pat down" search for weapons. How cursory the search was is relevant, because it failed to reveal any drugs or syringes. That it also failed to reveal other drugs on appellant is relevant to the thoroughness of that initial search.

I would hold the evidence of possession of marihuana in his sock and shoe was not relevant solely to prove the character of the appellant, but was relevant, and thus admissible, for other purposes, to show opportunity to discharge the drugs in the rear seat of the cruiser, and the incompleteness of the initial search.

I respectfully dissent.