TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00736-CR







Louis Carlos Renteria, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT


NO. 8498, HONORABLE H. R. TOWSLEE, JUDGE PRESIDING






PER CURIAM


 After a non-jury trial, the court found Louis Carlos Renteria guilty of possession of a
controlled substance and assessed sentence at eight years in prison. By his sole point of error, Renteria
contends that legally insufficient evidence supports his conviction. He argues that the State failed to
affirmatively link him with the contraband discovered in the patrol car following his arrest. We will affirm
the judgment.

 When reviewing the legal sufficiency of the evidence, we must decide whether, viewing all
the evidence most favorably to the verdict, any rational trier of fact could have found the essential elements
of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State,
820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). 
The concept of affirmative links is a shorthand for the type of proof necessary to gain conviction. Brown
v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). An accused must not only have exercised actual
care, control, or custody of the controlled substance, but must also have been conscious of his connection
with it and have known what it was. Id. Evidence, whether direct or circumstantial, proves knowing
possession of the contraband if it establishes, to the requisite level of confidence, that the accused's
connection with the drug was more than just fortuitous. The evidence of affirmative links need not be so
strong that it excludes every other reasonable hypothesis except the defendant's guilt. Id. at 748.

 The Thirteenth Court of Appeals, in a case strikingly similar to this case, affirmed the
conviction. See Garcia v. State, 871 S.W.2d 769 (Tex. App.--Corpus Christi 1994, pet. ref'd). In that
case, a police officer began his shift by checking his police car for contraband; he found none. The officer
arrested the defendant and cuffed the defendant's hands behind the defendant's back. Id. at 771. The
officer briefly patted down the defendant and, finding no weapons or contraband, put him in the back seat
of the patrol car and took him to the police station. The defendant was the first person the officer had
arrested that day and was alone in the back seat. The officer saw the defendant moving around and heard
something like a cigarette package or foil crinkling. After taking the defendant into the police station, the
officer returned to his vehicle and pulled out a seat cushion. He found a syringe, a small plastic bag
containing three packages of cocaine and a small bag of marihuana. Id. The appellate court affirmed the
conviction, finding sufficient affirmative links.

 In this case, the sheriff's deputy testified that before his shift he checked the back seat of
his car for contraband and found none. He sought Renteria on an arrest warrant based on a parole
violation. He cuffed Renteria's hands behind Renteria's back. The deputy briefly patted down Renteria
for weapons and put him in his patrol car. The deputy said Renteria moved around in the back seat a great
deal, including leaning really far forward; a Department of Public Safety investigator who was following the
deputy's car confirmed Renteria's unusual and repeated movement. After Renteria left the car, the DPS
investigator searched the back seat of the patrol car and found a cigarette package stuffed behind the seat. 
The investigator said she discovered the package when she put her whole hand behind the back seat. She
testified that she would not have removed the package if she had felt it during a pat-down search because
it did not feel like a weapon. The package contained a baggie containing methamphetamine. Renteria was
the only person the deputy arrested that day. 

 The deputy testified on cross-examination that, after he checked the back seat but before
he arrested Renteria, he left the back doors of his patrol car unlocked while he investigated a burglary. He
may have done the same at Renteria's house.

 A more thorough search of Renteria disclosed rolling papers and pharmaceutical ziploc
bags in his wallet. The ziploc bags found in his wallet were not the same size as the bag containing the drugs
inside the cigarette package. A search of Renteria's room disclosed no more contraband.

 Viewed most favorably to the verdict, the evidence provides sufficient affirmative links. 
The drugs were found in a place that had been checked and found drug-free shortly before, a place
Renteria (and no one else) was seen to engage in an unusual amount of fidgeting. His fidgeting is consistent
with a cuffed man removing hidden contraband and shoving it in the crack of a backseat. Divesting and
secreting the drugs are consistent with knowledge that they are contraband. We overrule the point of error
and affirm the conviction.


Before Justices Powers, Jones and Kidd

Affirmed

Filed: August 28, 1997

Do Not Publish



s
of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State,
820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). 
The concept of affirmative links is a shorthand for the type of proof necessary to gain conviction. Brown
v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). An accused must not only have exercised actual
care, control, or custody of the controlled substance, but must also have been conscious of his connection
with it and have known what it was. Id. Evidence, whether direct or circumstantial, proves knowing
possession of the contraband if it establishes, to the requisite level of confidence, that the accused's
connection with the drug was more than just fortuitous. The evidence of affirmative links need not be so
strong that it excludes every other reasonable hypothesis except the defendant's guilt. Id. at 748.

 The Thirteenth Court of Appeals, in a case strikingly similar to this case, affirmed the
conviction. See Garcia v. State, 871 S.W.2d 769 (Tex. App.--Corpus Christi 1994, pet. ref'd). In that
case, a police officer began his shift by checking his police car for contraband; he found none. The officer
arrested the defendant and cuffed the defendant's hands behind the defendant's back. Id. at 771. The
officer briefly patted down the defendant and, finding no weapons or contraband, put him in the back seat
of the patrol car and took him to the police station. The defendant was the first person the officer had
arrested that day and was alone in the back seat. The officer saw the defendant moving around and heard
something like a cigarette package or foil crinkling. After taking the defendant into the police station, the
officer returned to his vehicle and pulled out a seat cushion. He found a syringe, a small plastic bag
containing three packages of cocaine and a small bag of marihuana. Id. The appellate court affirmed the
conviction, finding sufficient affirmative links.

 In this case, the sheriff's deputy testified that before his shift he checked the back seat of
his car for contraband and found none. He sought Renteria on an arrest warrant based on a parole
violation. He cuffed Renteria's hands behind Renteria's back. The deputy briefly patted down Renteria
for weapons and put him in his patrol car. The deputy said Renteria moved around in the back seat a great
deal, including leaning really far forward; a Department of Public Safety investigator who was following the
deputy's car confirmed Renteria's unusual and repeated movement. After Renteria left the car, the DPS
investigator searched the back se