R00161.aa1



NUMBER 13-00-161-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________


ARISTEO JAIMEZ BENITEZ, Appellant,


v.


THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 194th District Court of Dallas County, Texas.

____________________________________________________________________


MEMORANDUM OPINION


Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Hinojosa



After a bench trial, the trial court found appellant, Aristeo Jaimez Benitez, guilty of possession with intent to deliver heroin
in the amount of four or more grams, but less than two hundred grams, (1) and assessed his punishment at imprisonment for
twenty-seven years. By two points of error, appellant contends: (1) the evidence is factually insufficient to show that he
possessed the heroin, and (2) the trial court lacked jurisdiction to hear this case because the case was not properly
transferred. We affirm.

 Because this is a memorandum opinion not designated for publication and the parties are familiar with the facts, we will
not recite them here. See Tex. R. App. P. 47.1.

A. Jurisdiction of the Trial Court to Hear this Case


By his second point of error, appellant contends the trial court did not have jurisdiction to hear this case because there is no
order in the file transferring the case to the 194th District Court.

It is undisputed that appellant did not raise this issue at trial. Because appellant does not claim the trial court was
constitutionally or statutorily unqualified or disqualified from hearing this case, but merely that a statutory procedure may
not have been followed, we conclude appellant has waived this point by failing to raise the issue in the trial court. See
Wilson v. State, 977 S.W.2d 379, 379 (Tex. Crim. App. 1998); see also Tex. R. App. P. 33.1. Appellant's second point of
error is overruled.

B. Factual Sufficiency


By his first point of error, appellant contends the evidence is factually insufficient to show that he possessed the heroin in
question. 

When we review the factual sufficiency of the evidence, we review all of the evidence and set aside the verdict only if it is
so against the overwhelming weight of the evidence that it is manifestly unjust and clearly wrong. Clewis v. State, 922
S.W.2d 126,133-34 (Tex. Crim. App. 1996). We are not bound to view the evidence in the light most favorable to the
prosecution, and may consider the testimony of all the witnesses. Johnson v. State, 23 S.W.3d 1, 10-12 (Tex. Crim. App.
2000). Disagreeing with the fact finder's determination is appropriate only when the record clearly indicates such a step is
necessary to arrest the occurrence of a manifest injustice; otherwise, due deference must be accorded the fact finder's
determinations, particularly those concerning the weight and credibility of the evidence. Id.

The State must prove that the defendant exercised care, control and management over the property, and that the defendant
knew the property was contraband. Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). The evidence, whether
direct or circumstantial, must be adequate to illustrate that the defendant's connection with the drug was more than just
fortuitous. Id. The determination of possession depends on the facts of each case. Garcia v. State, 871 S.W.2d 769, 770
(Tex. App.-Corpus Christi 1994, no pet.).

After reviewing all of the evidence, we hold that the verdict is not so against the overwhelming weight of the evidence that
it is manifestly unjust and clearly wrong. Accordingly, we hold the evidence is factually sufficient to support appellant's
conviction. Appellant's first point of error is overruled.

C. State's Cross-point


The State contends that this Court "should correct a clerical error in the judgment."

The record shows the trial court originally assessed appellant's punishment at twenty-seven years imprisonment and a
$10,000 fine. Appellant subsequently filed a motion for judgment nunc pro tunc, contending that section 12.42(d) of the
penal code did not provide for a fine. See Tex. Pen. Code Ann. § 12.42(d) (Vernon Supp. 2001). The State did not respond
to appellant's motion, and did not otherwise object. The trial court granted appellant's motion and entered a judgment nunc
pro tunc assessing appellant's punishment at twenty-seven years imprisonment and no fine. The State argues that we
should add the $10,000 fine to the trial court's judgment.

Because it did not object to the motion for judgment nunc pro tunc, we hold the State failed to preserve this point for
appellate review. Tex. R. App. P. 33.1.

The judgment of the trial court is affirmed. 



FEDERICO G. HINOJOSA

Justice





Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

9th day of August, 2001.

1. See Tex. Health & Saf. Code Ann. §§ 481.102(2), 481.112(a), (d)(Vernon Supp. 2001).