NUMBER
13-01-371-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

MARCELO ALVAREZ, JR.,                                                     Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

___________________________________________________________________

 

                        On
appeal from the 107th District Court

                                 of
Cameron County, Texas.

__________________________________________________________________

 

                                   O
P I N I O N

 

                  Before
Justices Dorsey, Hinojosa, and Rodriguez

                                Opinion
by Justice Rodriguez

 

         Appellant, Marcelo Alvarez, Jr.,
brings this appeal following his conviction for possession of cocaine.  By two points of error, Alvarez contends the
jury erred in finding the evidence legally and factually sufficient to sustain
his conviction.  We affirm.








I.  FACTS

Officer Rene Garza stopped Alvarez for reckless driving.   Garza arrested Alvarez and drove him
directly to jail in his patrol car. 
During the booking process, Garza recovered a substantial amount of
money from Alvarez, which he believed was used in the purchase or sale of
cocaine.[1]  Garza testified Alvarez was in a hurry to pay
his fine and leave the jail.  When Garza
returned to his patrol car, he discovered two small bags of cocaine where
Alvarez had been sitting.  A jury found
Alvarez guilty of possession of cocaine, sentenced him to two years in the
penitentiary, and assessed a $5,000 fine.  


II.  LEGAL SUFFICIENCY 

By his first point of error, Alvarez contends the evidence is
legally insufficient to support his conviction. 
Specifically, Alvarez argues there is nothing in the evidence to infer
he intentionally or knowingly possessed cocaine, or that he knew the substance
was cocaine.

A. 
Standard
of Review

In reviewing the legal sufficiency of the evidence, we must
view the evidence in the light most favorable to the verdict and determine
whether any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  See
Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Blankenship v. State,
780 S.W.2d 198, 206-07 (Tex. Crim. App. 1988).








B. 
Analysis

         To prove
intentional or knowing possession of a controlled substance beyond a reasonable
doubt, the State must show that a defendant exercised actual care,  control and management over the contraband,
and he had knowledge the substance in his possession was contraband.  See King v. State, 895 S.W.2d 701, 703
(Tex. Crim. App. 1995).  When an accused
is not in exclusive possession and control of the place where the contraband is
found, it cannot be concluded he had knowledge or control over the contraband
unless there are additional independent facts and circumstances that
affirmatively link him to the contraband. 
Lassaint v. State, No. 13-01-587-CR, 2002 Tex. App. LEXIS 4292,
at *4 (Corpus Christi June 13, 2002, no pet.). 
Similarly, when contraband is not found on the accused=s person or it
is not in the exclusive possession of the accused, additional facts and
circumstances must link the accused to the contraband.  Menchaca v. State, 901 S.W.2d 640, 651
(Tex. App.BEl Paso 1995,
pet. ref=d).  Ultimately, the question of whether the
evidence is sufficient to affirmatively link the accused to the contraband must
be answered on a case by case basis.  Whitworth
v. State, 808 S.W.2d 566, 569 (Tex. App.BAustin 1991,
pet. ref=d). 








This Court has listed numerous factors to
determine if evidence is sufficient to affirmatively link a defendant to
contraband.  See Lassaint, 2002
Tex. App. LEXIS 4292, at *5-*7.[2]  Factors pertinent to this case include the
facts that Alvarez was found with a large amount of cash, the cocaine was found
in close proximity to where  he was
sitting in the patrol car, and he was in a hurry to leave the jail before Garza
discovered the cocaine.  See id.
at *6.  Garza also testified he checked
under the seats of his patrol car before starting his shift and nothing was
there; Alvarez was the only person he arrested that day.  See Garcia v. State, 871 S.W.2d 769,
770 (Tex. App.B Corpus Christi
1994, pet. ref=d).  Viewing the record in the light most
favorable to the verdict, we conclude that a rational fact finder could have
found Alvarez guilty beyond a reasonable doubt. 
See Jackson, 443 U.S. at 319. 
Alvarez=s first point
of error is overruled.

III.  FACTUAL SUFFICIENCY

By his second point of error, Alvarez
contends the evidence is factually insufficient to support his conviction.

A. 
Standard of Review








In applying a factual sufficiency review,
we must ask whether a neutral review of all the evidence, both for and against
the finding, demonstrates that the proof of guilt is so obviously weak as to
undermine confidence in the jury=s
determination, or the proof of guilt, although adequate if taken alone, is
greatly outweighed by contrary proof.  King
v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000).  However, we are not free to reweigh the
evidence and set aside a jury verdict merely because a different result is more
reasonable.  See id.  This Court will set aside a verdict only if
it so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust.  See Santellan v.
State, 939 S.W.2d 155, 164-65 (1997). 

B. 
Analysis

 Based on the facts and our above analysis, and
after a neutral review of all the evidence and giving appropriate deference to
the verdict, we conclude the verdict is not against the great weight of the
evidence to be clearly wrong and unjust. 
See King, 29 S.W.3d at 563. 
Alvarez=s second point
of error is overruled. 

IV. 
CONCLUSION

We hold the evidence is both legally and
factually sufficient to support the conviction of Alvarez.  Accordingly, we affirm the trial court.  

NELDA V. RODRIGUEZ

Justice

 

Do not publish.

Tex. R. App. P. 47.3.

 

Opinion
delivered and filed

this
29th day of August, 2002.

 











[1]Alvarez
had $500, mostly in $20 bills.  Officer
Garza testified that it is common to buy and sell cocaine in amounts of $20.





[2]The
nonexclusive list of the factors is as follows:

 

1)
if contraband is in plain view or recovered from enclosed place; 2) accused was
owner of premises or had a right to possess the place where contraband found,
was owner or driver of automobile where contraband found; 3) accused found with
large amount of cash; 4) contraband was conveniently accessible to accused; 5)
contraband found in close proximity to accused; 6) odor of contraband present;
7) accused possessed contraband when arrested; 8) drug paraphernalia in plain
view or on accused; 9) physical condition of accused indicated under influence
of contraband; 10) conduct by accused indicated a consciousness of guilt; 11)
accused attempted to escape or flee; 12) accused made furtive gestures; 13);
accused had special connection to contraband; 14) occupants of premises gave
conflicting statements about relevant matters; 15) accused made incriminating
statements to connect himself to contraband; 16) quantity of contraband; and,
17) accused observed in suspicious area under suspicious circumstances.  

 

Lassaint
v. State, No. 13-01-587-CR, 2002 Tex. App. LEXIS
4292, at *5-*7 (Corpus Christi June 13, 2002, no pet.).