Criminal Case Template














COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS





KENNY WAYNE WALDEN,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.

§


§


§


§


§

No. 08-01-00167-CR


Appeal from the


161st District Court


of Ector County, Texas


(TC# B-28, 644)


M E M O R A N D U M O P I N I O N



 This is an appeal from a conviction for possession of less than one gram of cocaine. 
The jury assessed punishment at thirteen (13) months in a state jail facility. We affirm the
judgment of the trial court.

I. SUMMARY OF THE EVIDENCE



 At trial, the State utilized the testimony of Odessa police officer Gary Row. On June
19, 2000 Officer Row worked the night shift. Officer Row testified that it is his practice to
thoroughly inspect both the front officer's compartment of his vehicle as well as the rear
prisoner's compartment at the inception of each shift. Officer Row ensures that both areas
are clean to facilitate observation of later discarded items. 

 Officer Row encountered Appellant at approximately 11:50 p.m. when he pulled
Appellant over after observing Appellant's vehicle make a sudden left turn without a signal. 
When Officer Row asked Appellant for his driver's license, Appellant claimed he did not
have his license with him and offered the name Stephen Eric Walden. In accordance with
his standard practice, Officer Row asked Appellant to step out of the vehicle and to provide
his social security number. When Appellant said that "his mother kept up with that part,"
Officer Row then asked for Appellant's date of birth. Officer Row contacted the police
dispatcher to verify the name and birthday Appellant provided. After the dispatcher informed
Officer Row that Stephen Eric Walden's driver's license had been suspended, Officer Row
handcuffed and arrested Appellant for driving with a suspended driver's license. Since it is
not possible to conduct a full custodial search on the street, Officer Row conducted a
preliminary search of Appellant and found a coin purse that contained a license and security
card in Appellant's name. Officer Row was unable to identify Appellant based on the license
picture because it was dark and Appellant had a shaved head while the person pictured on
the license had hair Officer Row then assisted Appellant into the rear compartment of the
police car. 

 After Appellant was in the police car, Officer Row left him to deal with the vehicle
and its passenger. When Officer Row returned to the police car, he observed that Appellant
had completely turned himself, put his feet on the seat and elevated his knees. Officer Row
left Appellant a second time to ensure that a licensed driver operated the vehicle. Upon
returning, Officer Row observed that Appellant had turned himself around and put his feet
back on the floor. Officer Row also noticed a folded bill on the floorboard next to
Appellant's left foot. It appears the police department does not have a set policy guiding
officer response to such an observation. Officer Row did not comment on the bill in order
to observe what Appellant did with it. During the trip to the law enforcement center, Officer
Row observed Appellant fidgeting and heard Appellant's foot slip against the partition. 

 Upon arrival at the law enforcement center, Officer Row undid Appellant's seat belt
and immediately looked for the bill. The bill had been pushed further up so that only a small
corner of the bill remained visible. After asking Appellant to step out of the vehicle, Officer
Row secured the bill that appeared to be folded to serve as an narcotics envelope. After
Appellant was taken into custody, Officer Row retrieved a field test kit from his vehicle and
tested the substance. Officer Row estimates that approximately a third to a half of the
substance was used for the test. The test indicated that the substance was a narcotic, so
Officer Row marked the bill with his initials, folded it, and placed it in a sealed bag. Later
in his shift, Officer Row locked the bag in a locker in Criminalistics and deposited the locker
key in the key vault. 

 Dennis Hambrick, a chemist with the Texas Department of Public Safety in Midland,
testified that he analyzed the substance Officer Row secured using the industry standard drug
confirmation instrument, a gas chromatograph mass spectrophotometer. Hambrick has no
doubt that the substance is cocaine. Hambrick also weighed the substance with a digital
scale. Hambrick weighed the substance with the dollar bill first; he then took the substance
out and weighed the dollar bill by itself and subtracted the difference. The total weight was
.05 grams. 

II. DISCUSSION


A. Sufficiency of the Evidence

 In his sole issue, Appellant challenges both the legal and factual sufficiency of the
evidence to support his conviction for cocaine possession. Specifically, Appellant contends
that the evidence does not affirmatively link Appellant to the cocaine discovered and,
therefore, fails to show that Appellant knowingly or intentionally possessed a controlled
substance. 

B. Standard of Review

 In conducting a legal sufficiency review, we determine whether, after viewing the
evidence in the light most favorable to the verdict, any rational trier of fact could have found
the challenged elements beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319,
99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Nelson v. State, 848 S.W.2d 126, 131 (Tex. Crim.
App. 1992), cert. denied, 510 U.S. 830, 114 S.Ct. 100, 126 L.Ed.2d 66 (1993). The jury is
the sole judge of the weight of the evidence and may choose to believe all, some, or none of
it. Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). Reconciliation of
conflicts in the evidence is within the exclusive province of the jury. Losada v. State, 721
S.W.2d 305, 309 (Tex. Crim. App. 1986). 

 The State has the burden of proving the two elements of unlawful possession of a
controlled substance: (1) that Appellant exercised care, control, and management over the
contraband, and (2) that Appellant knew the substance was contraband. Levario, 964 S.W.2d 
294, 294 (Tex. App.--El Paso 1999, no pet.). Appellant must be affirmatively linked to the
bill containing cocaine in order to sustain his conviction. Id. For purposes of prosecution
for possession of controlled substance, affirmative links are those secondary facts that
indicate Appellant's knowledge and control of contraband. Martinets v. State, 884 S.W.2d
185, 188 (Tex. App.--Austin 1994, no writ). 

 In Garcia v. State, 871 S.W.2d 769,771 (Tex. App.--Dallas 1994, writ ref'd), rev'd
on other grounds, an officer who inspected his vehicle prior to each shift, observed his
passenger, who had been arrested for public intoxication, moving around in the backseat.
Upon arrival at the police station, the officer discovered contraband inter alia under the rear
passenger seat. Id. The Garcia court found the evidence sufficient to illustrate Appellant's
care, control and management over the contraband. Id. In reviewing only the evidence
supporting the judgment, the record shows that Officer Row thoroughly inspected the vehicle
for any debris prior to his shift, Appellant was the sole passenger during that shift, Officer
Row observed the bill on the floor after Appellant had changed his position, and upon arrival
at the law enforcement station only a small corner of the bill remained visible. The State's
evidence affirmatively links Appellant to the contraband beyond mere presence, thereby
supporting a reasonable inference that Appellant knew about the existence of a controlled
substance and exercised control over it. Musick v. State, 862 S.W.2d 794, 804 (Tex. App.--El
Paso 1993, pet. ref'd). Accordingly, the legal sufficiency issue is overruled.

 When conducting a review of the factual sufficiency of evidence, we consider all of
the evidence, but we do not view it in the light most favorable to the verdict. Clewis v. State,
922 S.W.2d 126, 129 (Tex. Crim. App. 1989); Levario, 964 S.W.2d at 295. We review the
evidence weighed by the jury that tends to prove the existence of the elemental fact in dispute
and compare it with the evidence that tends to disprove that fact. Johnson v. State, 23
S.W.3d 1, 7 (Tex. Crim. App. 2000); Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App.
1996), cert. denied, 522 U.S. 832, 118 S.Ct. 100, 139 L.Ed.2d 54 (1997). A defendant
challenging the factual sufficiency of the evidence may allege that the evidence is so weak
as to be clearly wrong and manifestly unjust. See Johnson, 23 S.W.3d at 11. Although we
are authorized to set aside the fact finder's determination under either of these two
circumstances, our review must employ appropriate deference and should not intrude upon
the fact finder's role as the sole judge of the weight and credibility given to any evidence
presented at trial. See Johnson, 23 S.W.3d at 7. We are not free to reweigh the evidence and
set aside a verdict merely because we feel that a different result is more reasonable. Cain v.
State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997); Clewis, 922 S.W.2d at 135. 



 At trial, Appellant did not present evidence to contradict the State's case. On appeal,
Appellant claims that the state failed to meet its factual burden since no contraband or drug
paraphernalia was found on Wilson's person or belongings. 

 In opposition to Appellant's claim, the State maintains that there is an affirmative link
between Appellant and the contraband. Officer Row testified that it was his standard practice
to thoroughly inspect his vehicle and remove all debris prior to each shift. Officer Row also
observed Appellant completely shift position, lie on his side and place his feet on the seat. 
Officer Row stated that such movement was irregular for a person of Appellant's size. After
Appellant returned to a normal seating position, Officer Row observed the bill for the first
time on the floorboard next to Appellant's left foot. Officer Row subsequently observed
Appellant fidgeting and heard Appellant's foot thump against the partition. Upon arrival at
the law enforcement center, Officer Row observed that the bill had been pushed so that only
a corner remained visible. When Officer Row retrieved the bill, it appeared to be folded in
a fashion indicative of narcotics possession. Officer Row's field test of the substance found
inside the bill indicated that the substance was a narcotic. Subsequent laboratory analysis
confirmed that the substance was cocaine. 

 Viewing the evidence in a neutral light, we cannot conclude the evidence
demonstrating guilt is so obviously weak as to undermine confidence in the jury's
determination nor can we conclude the verdict is so against the overwhelming weight of the
evidence as to be clearly wrong and manifestly unjust. Accordingly, the factual sufficiency
issue is overruled. We overrule Appellant's sole issue in its entirety.

 Having overruled Appellant's sole issue on review, we affirm the judgment of the trial 

court.

July 18, 2003


 

 RICHARD BARAJAS, Chief Justice



Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.


(Do Not Publish)