COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS


ALFRED JACKSON,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-10-00105-CR



Appeal from the


211th District Court


of Denton County, Texas


(TC# F-2009-0216-C)


O P I N I O N


 Appellant was convicted of possession of cocaine in an amount of less than one gram,
sentenced to two years' imprisonment, and assessed a $2,000 fine. In two issues on appeal, he
contends that the evidence is insufficient to link him to the cocaine found. For the reasons that
follow, we affirm.

BACKGROUND

 Denton Police Officers Corey Padgett and Sam Moseley were working the 6 p.m. to 6 a.m.
shift on August 31, 2008. Prior to beginning the shift, Officer Padgett searched the back seat of his
patrol car "to make sure there's nothing illegal from a previous prisoner that dropped." It is not
uncommon, according to the officer, for items to fall out of an arrestee's pockets while sitting in the
back seat. Thus, Officer Padgett removed the whole back seat, checked under it thoroughly, and
struck it to ensure that there was nothing up underneath it. The officer found nothing.

 Later on, at 9:20 p.m., while monitoring red-light traffic violations at the intersection of Bell
and Hickory Street in Denton, Officer Padgett heard loud music coming from Appellant's vehicle,
which was 70 feet away. Because the city ordinance prohibited the playing of music that can be
heard from 35 feet away, the officers pulled behind the vehicle and initiated a traffic stop.

 Upon contact with Appellant, the driver, Officer Padgett learned that he did not have driver's
license but did have a Mississippi identification card. After identifying him, the officer asked
Appellant to exit the car so that he could speak to him away from the passenger who also did not
have a driver's license. Once outside the vehicle, Officer Padgett spoke to him about the noise
violation. He did not get the impression that Appellant had anything in his mouth. However,
Appellant became agitated, started swinging his hands up and down, and looked around nervously. 
Suspicious that Appellant might run or get aggressive, Officer Padgett handcuffed and arrested him
for driving without a license, and for the noise violation. At that point, Officer Padgett conducted
a pat down of Appellant's pockets, waistband, and neck band, which according to the officer, was
more of a safety search than a thorough search. (1) In fact, Officer Padgett noted that it is possible to
miss items such as a small baggie in conducting those searches. Officer Padgett did not look in
Appellant's mouth. The officer then placed Appellant in the back seat of the patrol car under Officer
Moseley's watch.

 Officer Padgett then asked McGee to exit the vehicle, and McGee called a friend to pick her
up. Officer Padgett also inventoried the vehicle and impounded it. Meanwhile, Officer Moseley
noticed that Appellant was "moving around an awful lot" in the back seat. He kept shifting his body
around and changing positions. When Officer Moseley questioned whether anything was wrong,
Appellant responded, as most arrestees do, that the handcuffs were too tight. Consequently, Officer
Moseley adjusted the handcuffs to fit more loosely. The officers then transported Appellant to the
city jail, which was approximately 100 yards away.

 Once at the jail, Officer Padgett escorted Appellant in for booking while Officer Moseley
searched the back seat of the patrol car for items Appellant may have dropped. During the search,
Officer Moseley removed the back seat, checked under the floorboards, and the checked the back
seat cushions. Underneath the seat cushion where Appellant had been sitting, Officer Moseley found
a wet, green plastic baggie containing what he believed to be cocaine. No one else had been in the
back seat since the officers started their shift, and neither officer placed the baggie there. Nor was
there anything in the patrol vehicle that would have caused the baggie to become wet as the back seat
was dry. Neither officer knew why the baggie was wet, but Officer Padgett assumed that it was in
Appellant's mouth or was saturated by Appellant's sweat. Officer Moseley showed the baggie to
Officer Padgett, and a field test showed that the substance was presumptively cocaine. Thus, the
baggie was admitted into evidence against Appellant.

DISCUSSION

 Appellant challenges the sufficiency of the evidence in two issues, asserting that the State
failed to prove sufficient links to establish his possession of the cocaine found in the back seat of the
patrol car. Specifically, Issue One contends that the evidence is legally insufficient whereas Issue
Two alleges that the evidence is factually insufficient. However, the Texas Court of Criminal
Appeals recently did away with any factual-sufficiency review, holding that the only standard
applicable to determine whether the evidence is sufficient to support each element of a criminal
offense is the legal-sufficiency standard set out in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781,
61 L.Ed.2d 560 (1979). See Brooks v. State, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (stating
that "Jackson v. Virginia legal-sufficiency standard is the only standard that a reviewing court should
apply in determining whether the evidence is sufficient to support each element of a criminal offense
. . ."). Accordingly, we overrule Issue Two and will now simply review Issue One under the
appropriate Jackson standard.

Standard of Review

 In reviewing the sufficiency of the evidence, we consider the evidence, whether properly or
improperly admitted, in the light most favorable to the verdict and determine whether, based on that
evidence and reasonable inferences therefrom, a rational juror could have found the essential
elements of the crime beyond a reasonable doubt. Jackson, 443 U.S. at 319; Hooper v. State, 214
S.W.3d 9, 13 (Tex. Crim. App. 2007); Powell v. State, 194 S.W.3d 503, 506 (Tex. Crim. App. 2006). 
In so doing, we give deference to "the responsibility of the trier of fact to fairly resolve conflicts in
testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate
facts." Hooper, 214 S.W.3d at 13. We, therefore, do not re-evaluate the weight and credibility of
the evidence but rather simply "determine whether the necessary inferences are reasonable based
upon the combined and cumulative force of all the evidence when viewed in the light most favorable
to the verdict." Id. at 16-17. In so doing, we presume that the fact finder resolved any conflicting
inferences in favor of the prosecution and defer to that resolution. Jackson, 443 U.S. at 326; Clayton
v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Applicable Law

 To support a conviction for unlawful possession of a controlled substance, the State must
prove that the accused exercised actual care, custody, control, and management over the contraband,
and that the accused knew the substance he possessed was contraband. See Brown v. State, 911
S.W.2d 744, 747 (Tex. Crim. App. 1995); Menchaca v. State, 901 S.W.2d 640, 651 (Tex. App. - El
Paso 1995, pet. ref'd). When the accused is not in exclusive possession or control of the place where
the contraband is found, the State must prove independent facts and circumstances affirmatively
linking him to the contraband. Hackleman v. State, 919 S.W.2d 440, 444 (Tex. App. -Austin 1996,
pet. ref'd). Those affirmative links generate a reasonable inference that the accused knew of the
contraband's existence and that he exercised control over it. See Brown, 911 S.W.2d at 747;
Menchaca, 901 S.W.2d at 651.

 Some of the non-exhaustive factors we may look to in determining sufficient links include:
(1) the accused's presence at the location where the search occurred; (2) whether the contraband was
in plain view; (3) the accused's proximity to and accessibility of the contraband; (4) whether the
accused was under the influence of narcotics when arrested; (5) whether the accused possessed other
contraband when arrested; (6) whether the accused made incriminating statements when arrested;
(7) whether the accused attempted to flee; (8) whether the accused made furtive gestures; (9) whether
there was an odor of the contraband; (10) whether other contraband or drug paraphernalia was
present; (11) whether the accused owned or had the right to possess the place where the drugs were
found; (12) whether the contraband was found in an enclosed place; (13) whether the accused was
the operator of an automobile where contraband was found; (14) whether the accused was found with
a large amount of cash or weapons at the time of his arrest; (15) whether the conduct of the accused
indicated a consciousness of guilt; and (16) whether there was a significant amount of contraband
found. See Gregory v. State, 159 S.W.3d 254, 260 (Tex. App. - Beaumont 2005, pet. ref'd); Nguyen
v. State, 54 S.W.3d 49, 53 (Tex. App. - Texarkana 2001, pet. ref'd); Hurtado v. State, 881 S.W.2d
738, 743 n.1 (Tex. App. - Houston [1st Dist.] 1994, pet. ref'd). However, the number of factors
present is not as important as the logical force the factors have in establishing the elements of the
offense. Corpus v. State, 30 S.W.3d 35, 38 (Tex. App. - Houston [14th Dist.] 2000, pet. ref'd);
Whitworth v. State, 808 S.W.2d 566, 569 (Tex. App. - Austin 1991, pet. ref'd).

Application

 Here, it is clear that a thorough inspection of the back of the patrol car was performed prior
to the officers' shift. It is also clear that Appellant was the only person that the officers arrested that
night and that he sat in the back seat of the patrol car. The record further reflects that Appellant
"mov[ed] around an awful lot" while in the back seat, and that once he exited the patrol car, Officer
Moseley found the wet, green baggie of cocaine underneath the seat cushion where Appellant was
sitting. This evidence, as we have held before, is sufficient to link Appellant to the cocaine found. 
See Walden v. State, No. 08-01-00167-CR, 2003 WL 21689897, at *2 (Tex. App. - El Paso July 18,
2003, no pet.) (mem. op., not designated for publication). Indeed, in Walden, the record showed that
the officer thoroughly inspected his vehicle prior to his shift, that the defendant was the sole
passenger during that shift, and that the officer observed a bill, later determined to contain a narcotic,
on the floor of the patrol car after the defendant changed his position. Id. Similarly, our sister courts
have found sufficient links under like circumstances. See Garcia v. State, 871 S.W.2d 769, 771
(Tex. App. - Corpus Christi 1994, pet. ref'd) (finding sufficient links when the evidence showed that
the officer inspected his vehicle prior to each shift, that the officer observed his arrestee moving
around in the back seat, and that at the police station, the officer discovered contraband under the
rear passenger seat); Renteria v. State, No. 03-96-00736-CR, 1997 WL 528970, at *1-2 (Tex. App.
- Austin Aug. 28, 1997, no pet.) (op., not designated for publication) (finding sufficient links when
the evidence showed that the sheriff's deputy checked the back seat of his car for contraband before
his shift and found none, that he arrested Renteria on an arrest warrant based on a parole violation,
that he briefly patted down Renteria for weapons and put him in his patrol car, that Renteria was the
only person the deputy arrested that day, that Renteria moved around in the back seat a great deal,
including leaning really far forward, and that after Renteria left the car, a cigarette package, which
contained a baggie holding methamphetamine, was found stuffed behind the seat).

 Although Appellant asserts that if the cocaine was his, Officer Padgett would have discovered
it during his pat down, we believe that the jury could have easily rejected this defensive theory as
Officer Padgett demonstrated the pat down before the jury, noted that he did not look in Appellant's
mouth during the search, and stated that one could easily miss something as small as a baggie during
such a search. See Johnson v. State, 23 S.W.3d 1, 14 (Tex. Crim. App. 2000) (jury entitled to great
deference on deciding the weight of the evidence and the credibility of the witnesses). Accordingly,
we hold that the evidence was legally sufficient to link Appellant to the cocaine found in the back
seat of the patrol car. Issue One is overruled.

CONCLUSION

 Having overruled Appellant's issues, we affirm the trial court's judgment.


 GUADALUPE RIVERA, Justice

April 29, 2011


Before Chew, C.J., McClure, and Rivera, JJ.


(Do Not Publish)

1. During trial, the officer demonstrated the pat down performed on the prosecutor for the jury's benefit.