*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





## MEMORANDUM OPINION

No. 04-12-00001-CR

Nicholas Brian **DAMERON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 8, Bexar County, Texas
Trial Court No. 330830
The Honorable Liza Rodriguez, Judge Presiding

Opinion by:   Karen Angelini, Justice

Sitting:   Catherine Stone, Chief Justice
   Karen Angelini, Justice
   Marialyn Barnard, Justice

Delivered and Filed:  November 7, 2012

AFFIRMED

After a jury trial, Nicholas Dameron was found guilty of possessing marijuana in an amount less than two ounces and was sentenced to 180 days in jail, probated for twelve months. He appeals, arguing that the evidence is insufficient to support his conviction. We affirm.

### BACKGROUND

On the day of the incident, June 13, 2010, San Antonio Police Officer John A. Garcia began his shift at 2:00 p.m. At trial, Officer Garcia testified to his pre-patrol shift routine. He

testified that once he finds the vehicle assigned to him, he gets gas, washes the vehicle, and inspects the vehicle for any previous damage. He then checks the interior of the vehicle, which includes looking under the front driver and passenger seats, unlatching the backseat from the vehicle, picking up the backseat, and looking underneath the seat. Officer Garcia testified that on June 13, 2010, he did this entire pre-shift inspection of the vehicle and did not find anything in the interior of the vehicle.

At about 3:30 p.m., Officer Garcia saw a white pick-up truck fail to come to a complete stop at a stop sign. Officer Garcia pulled over the pick-up truck, which was being driven by Appellant Nicholas Dameron. After Dameron handed over his Texas Identification Card and proof of insurance, Officer Garcia discovered through a routine check that Dameron had outstanding municipal warrants. He arrested Dameron and told him to place his hands behind his back. Officer Garcia then handcuffed Dameron's hands and performed a pat-down search. Officer Garcia testified that he did not find any contraband or weapons. He then placed Dameron in the back of the patrol car. According to Officer Garcia, Dameron was squirming a lot in the back of the patrol car. Officer Garcia testified that because having your hands handcuffed behind your back is uncomfortable, people will move somewhat to get comfortable. However, Dameron was squirming much more than normal. When Officer Garcia arrived at the magistrate's office, he and Dameron remained in the patrol car while Officer Garcia filled out some reports on the computer. Officer Garcia testified that Dameron was still squirming around in the backseat when Officer Garcia heard a loud popping sound "kind of like a spring popping" underneath his seat. Officer Garcia opened the back door where Dameron was sitting, but did not see anything. He took Dameron inside to be fingerprinted and booked. After Officer Garcia got back to his patrol car, he looked in the backseat again and saw on the floorboard a plastic bag sticking out from

underneath the driver's seat. The plastic bag contained marijuana. Officer Garcia then went back into the magistrate's office and added the charge of possessing marijuana.

Officer Garcia also testified that when he performs a pat-down search, he cannot search certain areas of the body, like in between the buttocks. Officer Garcia testified that based on his training and experience, men who hide drugs on their person tend to do so between their buttocks and their anus. According to Officer Garcia, between the time he started his shift at 2:00 p.m. and the time he arrested Dameron at 3:30 p.m., he did not make any other arrests and no one besides Dameron had been in the backseat of the patrol car. When asked if in his experience, police officers normally plant evidence on a defendant, Officer Garcia replied that they do not. When asked what would happen to an officer if he did plant evidence, Officer Garcia replied that the officer could find himself in jail and would definitely be fired.

Dameron testified that he was stopped by Officer Garcia for rolling through a stop sign. He was then told by Officer Garcia that he was being arrested for outstanding traffic warrants. Dameron testified that Officer Garcia "frisked [him] pretty good, my chest, arms, legs, everywhere." Dameron was placed into handcuffs and put into the back of the patrol car. Dameron testified that he told Officer Garcia that he had been on his way to pay the tickets. When Officer Garcia responded that he was just doing his job, Dameron asked him "how long he had been a tax collector." According to Dameron, that was when Officer Garcia became angry. Dameron testified that he was moving a lot in the back seat because the handcuffs were hurting him. He denied that the marijuana found was his.

## SUFFICIENCY

Dameron argues that the evidence was legally insufficient to allow a rational trier of fact to find beyond a reasonable doubt that he knowingly possessed the contraband. In a federal due-

process evidentiary-sufficiency review, we view all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011), *cert. denied*, 132 S. Ct. 1763 (2012). This standard "recognizes the trier of fact's role as the sole judge of the weight and credibility of the evidence after drawing reasonable inferences from the evidence." *Adames*, 353 S.W.3d at 860. Therefore, on appellate review, we determine whether based on "cumulative force of all the evidence" the necessary inferences made by the trier of fact are reasonable. *Id.* We conduct this constitutional review by measuring the evidentiary sufficiency with "explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.*

A person commits the offense of possessing marijuana if he knowingly or intentionally possesses a usable quantity of marijuana. TEX. HEALTH & SAFETY CODE ANN. § 481.121 (West 2010). Possession is defined as actual care, custody, control, or management. *Id.* § 481.002(38). Here, Dameron argues that there is no evidence to show that he was in knowing possession of marijuana because there is nothing to affirmatively link him to the marijuana found in the patrol car. When, as here, the accused is not shown to have had exclusive possession of the place where the contraband was found, the evidence must link the accused to the contraband and establish that the accused's connection with the drug was more than fortuitous. *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006). "This is the so-called 'affirmative links' rule, which protects the innocent bystander – a relative, friend, or even stranger to the actual possessor – from conviction merely because of his fortuitous proximity to someone else's drugs." *Id.* at 161-62. Thus, mere presence at the location where drugs are found is insufficient, by itself, to establish actual care, custody, or control of the drugs. *Id.* at 162. "However, presence or proximity, when

combined with other evidence, either direct or circumstantial (e.g., "links"), may well be sufficient to establish that element beyond a reasonable doubt." *Id.* It is "not the number of links that is dispositive, but rather the logical force of all of the evidence, direct and circumstantial." *Id.*

In support of his argument, Dameron lists the non-exclusive factors the Texas Court of Criminal Appeals has considered in determining whether the evidence established an affirmative link to the contraband. *See Evans*, 202 S.W.3d at 162 n.12 (listing non-exclusive factors a court may consider). Dameron specifically points to the following factors: (1) whether the accused was present when the search was conducted; (2) whether the accused possessed other contraband or narcotics when arrested; (3) whether the accused made incriminating statements when arrested; (4) whether the accused attempted to flee; (5) whether there was an odor of contraband; (6) whether other contraband or drug paraphernalia was present; (7) whether the accused was found with a large amount of cash. *Id.* Dameron emphasizes that in this case, there was no evidence of any of these specific factors.

However, this list of factors is nonexclusive. *Id.* "These are simply some factors which may circumstantially establish the legal sufficiency of the evidence to prove a knowing 'possession.'" *Id.* "They are not a litmus test." *Id.* Rather, as noted, it is the logical force of all of the evidence that is dispositive. *Id.* at 162. Here, Officer Garcia testified that he searched his patrol car before starting his shift and there was no marijuana in his patrol car. He testified that no one entered his patrol car between the start of his shift, and an hour and a half later when he arrested Dameron. He testified that he conducted a pat-down search of Dameron but did not pat down between Dameron's buttocks. Officer Garcia testified that Dameron squirmed a lot in the backseat of the patrol car and that as Officer Garcia was seated in the front seat of the patrol car

filling out reports on his computer, he heard a loud, popping sound underneath the front driver's seat. According to Officer Garcia, after he took Dameron to booking and returned to the patrol car, he looked in the backseat again: "When I looked down towards the floorboard, you could see a plastic – what looked to be a piece of plastic or a plastic baggy hanging out from underneath the back – under my seat." The facts in this case are similar to those presented in the following cases where the courts held that the evidence was sufficient to prove possession of illegal drugs: *Williams v. State*, 784 S.W.2d 428, 429-30 (Tex. Crim. App. 1990) (holding that evidence was sufficient to support conviction where the officer had searched his car before arresting the defendant and the defendant was seen "fidgeting, reaching and rubbing" while in the car); *Jones v. State*, 962 S.W.2d 158, 163 (Tex. App.—Fort Worth 1998, no pet.) (holding that jury could have rationally found that the defendant, while seated and squirming around in the car and being transported to the police station, removed the baggie of contraband from where it was secreted on his person and stuffed it between the seat back and seat under which he sat); *Garcia v. State*, 871 S.W.2d 769, 771 (Tex. App.—Corpus Christi 1994, pet. ref'd) (holding evidence sufficient to support the jury's determination that the defendant exercised care, control, and management over the contraband where officer searched the vehicle before his patrol, arrested the defendant, performed a pat-down search, saw the defendant moving around in the backseat, escorted the defendant to the police station, and discovered cocaine in the backseat after searching the patrol car again); and *Hughes v. State*, No. 11-08-00090-CR, 2009 WL 3790501, at *2 (Tex. App.—Eastland 2009, no pet.) (not designated for publication) (holding evidence sufficient where officer had checked his patrol car before arresting the defendant, the defendant moved a lot in the backseat, and after leaving the defendant to be booked, the officer searched his car again and found drugs in the backseat). All of these cases involved contraband being found in a patrol car

after the car had been used to transport an arrestee. *See Williams*, 784 S.W.2d at 429; *Jones*, 962 S.W.2d at 162; *Garcia*, 871 S.W.2d at 771; *Hughes*, 2009 WL 3790501, at *2. In all these cases, the officer had performed a search of the vehicle before the arrestee was transported. *See Williams*, 784 S.W.2d at 429; *Jones*, 962 S.W.2d at 162; *Garcia*, 871 S.W.2d at 771; *Hughes*, 2009 WL 3790501, at *2. In all of these cases, the defendant was seen squirming around in the back seat. *See Williams*, 784 S.W.2d at 429; *Jones*, 962 S.W.2d at 162; *Garcia*, 871 S.W.2d at 771; *Hughes*, 2009 WL 3790501, at *2. And, in all of these cases, the courts concluded the evidence was sufficient to affirmatively link the accused to the contraband. *See Williams*, 784 S.W.2d at 430; *Jones*, 962 S.W.2d at 163; *Garcia*, 871 S.W.2d at 771; *Hughes*, 2009 WL 3790501, at *2. Similarly, here, there is evidence that affirmatively links Dameron to the plastic bag of marijuana found in the back of the patrol car. We therefore hold that the evidence is sufficient to support his conviction and affirm the judgment of the trial court.

Karen Angelini, Justice

Do not publish