Affirmed and Memorandum Opinion filed March 30, 2004









Affirmed and Memorandum Opinion filed March 30, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00135-CR

____________

 

DOMINEQUE ROSHON
JENKINS,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 56th
District Court

Galveston County, Texas

Trial Court Cause No. 02CR2340

 



 

M E M O R A N D U M   O P I N I O N

Appellant Dominique Roshon Jenkins appeals
his conviction of possession of four grams or more but less than 200 grams of
cocaine.  See Tex. Health & Safety Code Ann. '' 481.102(3)(D)
(Vernon Supp. 2004), 481.115(d) (Vernon 2003). 
After the jury found appellant guilty, the trial court assessed
punishment at twenty years= confinement.  In three points of error, appellant contends
the evidence was legally and factually insufficient to support his conviction
and his trial counsel rendered ineffective assistance in not asserting a motion
to suppress. We affirm.








FACTUAL BACKGROUND

Jeff Anderson and Michael Amato, two
off-duty Houston police department officers, pulled Anderson=s truck into a
carwash in Dickenson to wash some jet skis they had been using.  Amato was cleaning the skis in a wash bay,
and Anderson was standing near the front of his truck when an unidentified
woman approached Anderson and Anderson noticed she was holding a crack cocaine
rock.  The woman solicited Anderson,
offering to sell him sex and narcotics.

According to Anderson, while he was
speaking to the woman, appellant walked toward Anderson and held out a clear
plastic baggy.  Appellant and Anderson
made eye contact from about fifteen to twenty feet, and, according to Anderson,
appellant Akind of nodded his head like this . . .
like, >Do you want some?=@  Anderson said, ANo,@ and appellant
walked away.  Based on his training and
experience, which included nearly a thousand drug arrests, Anderson Aknew immediately,@ what
appellant  showed him was crack cocaine.

Not more than a minute or two after
appellant showed Anderson the baggy, Kenneth Williams, a Galveston County
Deputy Sheriff, arrived in his patrol car at the carwash, which, according to
Williams, was located in an area of heavy narcotics activity.  Williams pulled into the carwash, observed a
subject he recognized as a local narcotics dealer, and backed into the vacuum
cleaner stalls and started watching.  At
that time, Anderson approached Williams, described appellant to Williams, and
informed Williams appellant had a lot of crack cocaine and had tried to sell
Anderson narcotics.








While Williams was waiting for a second
unit to arrive, a vehicle pulled up, and appellant started to get in.  Williams then contacted appellant and let him
know what he was investigating. 
According to defense witnesses who were present at the carwash, Williams
informed appellant he was a suspicious person, but he was not in trouble or
under arrest.  Williams then patted
appellant down for weapons.[1]  Williams found no weapons or narcotics, but
did find a large amount of money. 
Williams then handcuffed and secured appellant in the back of Williams= car, behind the
driver=s seat.  As Williams was counting the moneyCapproximately
$700.00Che felt the car
shake, as if appellant were moving around. 
From Williams=s past experience, he believed, based on
the movement, appellant was disposing of the narcotics.

Williams removed appellant from the patrol
car.  Williams checked the car and
underneath the driver=s seat found a crumpled plastic bag, which
appeared to contain crack cocaine.  When
Williams pulled on the backrest where appellant had been sitting, a syringe
rolled down from the seat opposite appellant=s.[2]  Williams showed the bag to Anderson and
asked, ADoes this look
like what he had?@ 
Anderson responded, AYes, that=s it without a
doubt.@

At 4:30 p.m., appellant was placed under
arrest at the carwash.  Williams
testified he began his shift ten and a half hours earlier, at 6:00 a.m.  He testified he checks under the seats of his
car when he goes on duty, whenever he places someone in the car, and whenever
he removes someone.  Williams did not
remember whether he had placed anyone in the car before arresting
appellant.  Finally, Williams testified
that, before appellant was in the back seat, there were no narcotics in the
car, and after Williams removed appellant, there were.








DISCUSSION

Points of Error One and Two: Legal and
Factual Sufficiency of the Evidence

In his first and second points of error,
appellant challenges the legal and factual sufficiency of the evidence
supporting his conviction.  We apply different standards when
reviewing the evidence for legal and factual sufficiency.

When reviewing the legal sufficiency of
the evidence, this court must view the evidence in the light most favorable to
the prosecution and determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307,
319, 99 S. Ct. 2781, 2789 (1979); Garrett v. State, 851 S.W.2d 853, 857
(Tex. Crim. App. 1993). This standard of review applies to cases involving both
direct and circumstantial evidence.  King v. State, 895 S.W.2d 701, 703 (Tex.
Crim. App. 1995).

When a defendant challenges the factual
sufficiency of the elements of an offense, the correct standard we must follow
requires us to determine whether (1) the proof of guilt is so obviously weak as
to undermine confidence in the jury=s verdict, or (2)
the proof of guilt, although adequate if taken alone, is greatly outweighed by
contrary proof.  Zuliani v. State,
97 S.W.3d 589, 593B94 (Tex. Crim. App. 2003); Johnson v.
State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  We must accord due deference to the fact
finder=s determinations,
particularly those determinations concerning the weight and credibility of the
evidence.  Johnson, 23 S.W.3d at 9.  The verdict should be set aside only in order
to prevent a clearly wrong and unjust result. 
See Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996).








When a defendant is charged with unlawful
possession of cocaine, the State must prove: 
(1) the defendant exercised actual care, custody, control, or management
over the contraband and (2) the defendant knew the object he possessed was
contraband.  Hyett v. State, 58
S.W.3d 826, 830 (Tex. App.CHouston [14th
Dist.] 2001, pet. ref=d) (citing Linton v. State, 15
S.W.3d 615, 619 (Tex. App.CHouston [14th
Dist.] 2000, pet. ref=d)). 
Although the element of possession may be proved by circumstantial
evidence, such evidence must affirmatively link the defendant to the offense,
so one may reasonably infer the defendant knew of the contraband=s existence and he
exercised control over it.  Id.  (citing McGoldrick v. State, 682
S.W.2d 573, 578 (Tex. Crim. App. 1985)).

Appellant contends the State did not
affirmatively link him to the cocaine. 
We disagree.

Circumstantial evidence relevant to
establish an Aaffirmative link@ between a
defendant and the contraband include: 
(1) the defendant=s presence when the contraband was
discovered;  (2) whether the contraband
was in plain view;  (3) the defendant=s proximity to,
and accessibility of, the narcotic;  (4)
whether the defendant was under the influence of narcotics when arrested;  (5) whether the defendant possessed other
contraband when arrested;  (6) whether
the defendant made incriminating statements when arrested;  (7) whether the defendant attempted to
flee;  (8) whether the defendant made
furtive gestures;  (9) whether there was
an odor of the contraband;  (10) whether
other contraband or drug paraphernalia was present;  (11) whether the place where the drugs were
found was enclosed;  and (12) whether the
defendant owned or had the right to possess the place where the drugs were
found.  Id. (citing Chavez v.
State, 769 S.W.2d 284, 288‑89 (Tex. App.CHouston [1st
Dist.] 1989, pet. ref=d)). 
Presence of a large amount of cash can supply an inference that an
individual is trafficking in narcotics and, therefore, in possession of
contraband.  Dade v. State, 956
S.W.2d 75, 78B79 (Tex. App.CTyler 1997, pet.
ref=d).  Despite this list of possible links, there is
no set formula of facts that necessitate a finding of an affirmative link
sufficient to support an inference of knowing possession.  Hyett, 58 S.W.3d at 830 (citing Porter
v. State, 873 S.W.2d 729, 732 (Tex. App.CDallas 1994, pet.
ref=d)).








Moreover, the number of affirmative links
present is not as important as the logical force they have in establishing the
elements of the offense.  See Corpus
v. State, 30 S.W.3d 35, 37B38 (Tex. App.CHouston [14th
Dist.] 2000, pet. ref=d) (stating same in context of case
involving possession of a firearm by a felon). 
Instead, we view the totality of the facts and circumstances.  Hyett, 58 S.W.3d at 830; see Sosa
v. State, 845 S.W.2d 479, 483B84 (Tex. App.CHouston [1st
Dist.] 1993, pet. ref=d) (concluding totality of circumstances
was of such a character jury reasonably could conclude defendant was aware of
contraband and exercised control over it).

The following evidence linked appellant to
the cocaine:

$                  
Officer Anderson=s positive
identification of the bag containing the cocaine as the bag appellant had held
out and offered to sell to Anderson;

$                  
Appellant=s presence in
Williams=s patrol car where
the cocaine was found;

$                  
Williams=s finding the
cocaine under the driver=s seat, in front of the backseat where
appellant had been sitting;

$                  
Williams=s feeling the car
shaking, which, given his past experience, led him to believe appellant was
disposing of narcotics;

$                  
Williams=s testimony he had
checked his patrol car, and before appellant was placed in the backseat, there
were no narcotics, but after he removed appellant, the narcotics were present;

$                  
Seven hundred dollars found on appellant=s person during
the pat down.








The preceding evidence compares favorably
with that in Williams v. State, 784 S.W.2d 428 (Tex. Crim. App. 1990)
(per curiam).  In Williams, the
court concluded the evidence was legally sufficient to prove the defendant was
the person who deposited four rocks of cocaine behind the back seat of the
patrol car when there was evidence (1) the officers began their shift by
searching for any items that did not belong there, (2) about 2:30 p.m., the
officers pulled out the back seat, observed the area under and around it and
found nothing, (3) the defendant gave a false name when stopped for a traffic
violation around 5:30 p.m., (4) after arresting the defendant for driving
without a license or proof of insurance, the officers patted the defendant
down, handcuffed him, and placed him in the backseat of the patrol car, and (5)
on the drive to the station, the officer sitting in the backseat next to the
defendant observed the defendant fidgeting and reaching down and rubbing in the
area of his pocket.  Id. at 429.

Although Williams involved a
shorter interval between the officers= pre-shift search
and discovery of the contraband than does the present case, in the present
case, unlike Williams, the State=s evidence
included Anderson=s identification of the bag of cocaine as
the one he saw appellant holding.  Just
as the evidence was legally sufficient in Williams, we conclude the
evidence was legally sufficient in the present case.[3]

We turn now to the factual sufficiency of
the evidence.  We consider the following
weaknesses in the State=s evidence and contrary proof presented by
appellant=s own witnesses:

$                  
An alleged inconsistency between State=s Exhibits 1 and 2
(the bag and the rock cocaine) and Anderson=s description of
the plastic bag appellant held as being Alarge@ and containing
thirty to thirty-five rocks of crack cocaine;

$                  
An elapsed period of ten and one-half hours between the
pre-shift search of the patrol car and discovery of the cocaine;

$                  
Williams=s inability to
remember whether he had placed anyone else in the car earlier in the shift and
the likelihood he had done so;

$                  
Williams=s inability to
explain the presence of the syringe in the back seat of the patrol car;








$                  
Appellants= being handcuffed,
wearing pressed clothing and a belt as increasing the difficulty of his having
secreted the cocaine on his body during the patdown and then having disposed of
it in the patrol car;

$                  
Appellant=s mother=s testimony she had
given appellant $650.00 of the $700.00 found during the patdown.

At most, the preceding evidence relates to
the credibility of the State=s witnesses and
the weight to give the State=s evidence.    See Johnson, 23 S.W.3d at 7.  The jury is the sole judge of the credibility
of these witnesses and the weight to be given to the testimony.  Id. What weight to give contradictory
testimonial evidence is within the sole province of the trier of fact, because
weight turns on the evaluation of credibility and demeanor.  Cain v. State, 958 S.W.2d 404, 408B09 (Tex. Crim.
App. 1997).  We must show deference to
the jury=s findings.  Id. at 409.  A decision is not manifestly unjust merely
because the jury resolved the conflicting views of evidence in favor of the
State.  Id. at 410.

Having reviewed the evidence in a neutral
light, we conclude the proof of guilt is not so obviously weak as to undermine
confidence in the jury=s verdict, and the proof of guilt is not
greatly outweighed by contrary proof.  See
Zuliani, 97 S.W.3d at 593B94; Johnson,
23 S.W.3d at 11.  The evidence was
factually sufficient to support appellant=s conviction.

Having found the evidence legally and
factually sufficient, we overrule appellants first and second points of error.

Point of Error Three: Ineffective
Assistance Counsel

In his third point of error, appellant
contends trial counsel rendered ineffective assistance by failing to present a
motion to suppress the cocaine.  The
motion at issue appears to be a pro se motion in which appellant alleged:








Defendant was detained and
searched, which result[ed] in this arrest without a warrant, without probable
cause, and without his consent by members of law enforcement . . . contrary to
. . . Article 14 of the Texas Code [of] Criminal Procedure; hence, the fruits
of that detention arrest[,] and search should be suppressed pursuant to
[Article] 39.23 of the Code of Criminal Procedure.

 

Although appellant filed a post-conviction motion
containing a one-sentence allegation of ineffective assistance of trial
counsel, he did not provide any supporting affidavits, and there was no
evidentiary hearing on the motion.

To prevail on a claim of ineffective
assistance of counsel, an appellant must show (1) counsel=s performance was
deficient, i.e., it fell below an objective standard of reasonableness,
and (2) appellant was prejudiced, i.e., there is a reasonable
probability that but for counsel=s errors, the
result of the proceeding would have been different.  Ex parte Varelas, 45 S.W.3d 627, 629
(Tex. Crim. App. 2001); see Strickland v. Washington, 466 U.S. 668, 687,
104 S. Ct. 2052, 2064 (1984); see also Hernandez v. State, 988 S.W.2d
770, 772 (Tex. Crim. App. 1999) (regarding application of Strickland
test to non-capital sentencing proceedings). 
Appellant bears the burden of proving by a preponderance of the evidence
counsel was ineffective.  Thompson v.
State, 9 S.W.3d 808, 813 (Tex. Crim. App.1999).  Any allegation of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.  Varelas,
45 S.W.3d at 629.  An appellant=s failure to
satisfy one prong of the Strickland test negates a court=s need to consider
the other prong.  Garcia v. State,
57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

When we review ineffectiveness claims, our
scrutiny of counsel=s performance must be highly
deferential.  Strickland, 466 U.S.
at 689, 104 S. Ct. at 2065.  A court must
indulge, and a defendant must overcome, a strong presumption that the
challenged action might be considered sound trial strategy under the
circumstances.  Strickland, 466
U.S. at 689, 104 S. Ct. at 2065.  A fair
assessment of attorney performance requires making every effort to eliminate
the distorting effects of hindsight and to evaluate the conduct from counsel=s perspective at
the time.  Strickland, 466 U.S. at
689, 104 S. Ct. at 2065.








The presumption that an attorney=s actions were
sound trial strategy ordinarily cannot be overcome absent evidence in the
record of the attorney=s reasons for his conduct.  Busby v. State, 990 S.W.2d 263, 268‑69
(Tex. Crim. App. 1999).  Instead, without
evidence of counsel=s reasons for the challenged conduct, an
appellate court A>commonly will
assume a strategic motivation if any can possibly be imagined,= and will not
conclude the challenged conduct constituted deficient performance unless the
conduct was so outrageous that no competent attorney would have engaged in it.@  Garcia, 57 S.W.3d at 440 (quoting 3 W. LaFave, et al., Criminal Procedure ' 11.10(c) (2d ed.
1999), and citing Thompson, 9 S.W.3d at 814); see also Bone v. State,
77 S.W.3d 828, 836 (Tex. Crim. App. 2002) (stating A[a] vague,
inarticulate sense that counsel could have provided a better defense is not a
legal basis for finding counsel constitutionally incompetent@); Tong v.
State, 25 S.W.3d 707, 714 (Tex. Crim. App. 2000) (holding, despite arguably
objectionable nature of evidence to which counsel did not object, Awithout some
explanation as to why counsel acted as he did, we presume that his actions were
the product of an overall strategic design@).

The record is silent regarding trial
counsel=s reasons for not
presenting appellant=s pro se motion to suppress.  In such circumstances, we must presume
counsel made all significant decisions in the exercise of professional
judgment.  Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994); Broussard v State, 68 S.W.3d
197, 199 (Tex. AppCHouston [1st Dist.] 2002, pet. ref=d) (en banc); see
Robinson v. State, 22 S.W.3d 631, 636B37 (Tex. App.CWaco 2000, pet.
ref=d) (holding, on
face of silent record, defendant failed to establish deficience performance
based on failure to present motion to suppress evidence seized during allegedly
illegal traffic stop when, given facts surrounding stop, it was possible
counsel determined motion would have been frivolous).








Because the record is silent, appellant
has failed to rebut the presumption that trial counsel=s actions were
based upon a reasonable decision.  See
Perez v. State, 56 S.W.3d 727, 731B32 (Tex. App.CHouston [14th
Dist.] 2001, pet. ref=d). 
Without a sufficient record, an appellant cannot overcome this
presumption, and we cannot conclude counsel was ineffective.  Tong, 25 S.W.3d at 714; Broussard,
68 S.W.3d at 199.

Moreover, appellant cannot satisfy Strickland
without proving his suppression motion was meritorious.  Jackson v. State, 973 S.W.2d 954, 957
(Tex.  Crim. App. 1998) (stating
defendant obliged to prove suppression motion would have been granted in order to
satisfy Strickland); see also Kimmelman v. Morrison, 477 U.S.
365, 390B91, 106 S. Ct.
2574, 2591 (1986) (indicating, for defendant to establish prejudice, he would
have to establish suppression claim was meritorious and, absent the evidence at
issue, there would have been reasonable probability trial judge would have had
reasonable doubt regarding guilt).  He
has not done so.








At a minimum, Williams had sufficient
reason for detaining appellant to investigate a possible crime, and appellant
concedes as much.  See Davis v. State,
829 S.W.2d 218, 219 n.2 (Tex. Crim. App. 1992) (stating, for temporary
investigative detention to be valid (1) unusual activity must be occurring or
have occurred;  (2) the accused must be
connected with the suspicious activity; 
and (3) the suspicious activity must be connected with a crime).  Under such circumstances, an officer may
conduct a limited search for weapons of a suspect=s outer clothing,
even in the absence of probable cause, when an officer reasonably believes that
the suspect is armed and dangerous to the officer or others in the area.  Balentine v. State, 71 S.W.3d 763, 769
(Tex. Crim. App. 2002) (citing Terry v. Ohio, 392 U.S. 1, 27, 29, 88 S.
Ct. 1868, 1883B84 (1968); 
Carmouche v. State, 10 S.W.3d 323, 329 (Tex. Crim. App.
2000)).  Suspected narcotics dealing and
attempted flight, both of which were present here, are two factors that may
lead an officer reasonably to believe a suspect may be armed and
dangerous.  See Sargent v. State,
56 S.W.3d 720, 725B26 (Tex. App.CHouston [14th
Dist.] 2001, pet. ref=d). 
Although Wilson testified on cross-examination, in response to leading
questions, that he was looking for narcotics and weapons, there is nothing in
the record to suggest the frisk Wilson actually conducted exceeded the limits
of the pat-down permitted by Terry. 
Finally, depending on the circumstances, handcuffing appellant and
placing him in the patrol car did not necessarily cause the detention to exceed
its permissible scope.  See Balentine,
71 S.W.3d at 771 (holding investigative detention did not evolve into an arrest
simply because appellant was escorted to the patrol car and handcuffed).  Appellant has not established his suppression
motion would have been successful.

Appellant has not met his burden of
establishing deficient performance or prejudice.  Accordingly, we overrule his third point of
error.

CONCLUSION

We affirm the judgment of the trial court.

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed March 30, 2004.

Panel
consists of Justices Yates, Anderson, and Hudson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  On
cross-examination, Williams was asked whether the search was Adesigned to find any narcotics or weapons,@ and Williams answered, AYes.@  Williams also
answered AYes@ to the question of whether he patted appellant down
with the thought in mind appellant might have a large amount of narcotics.





[2]  According to a
defense witness, Williams told appellant, AI know
this is not yours, but I will charge you with the cocaine.@





[3]  Williams
was decided under the pre-Geesa test, which required that circumstantial
evidence exclude every reasonable hypothesis inconsistent with guilt.  See Williams v. State, 784 S.W.2d 428,
429B30 (Tex. Crim. App. 1990) (per curiam); see also
Geesa v. State, 820 S.W.2d 154, 159, 165 (Tex. Crim. App. 1991) (abandoning
the Aexclusion of outstanding reasonable hypotheses@ test for all case tried after November 6, 1991), overruled
on other grounds by Paulson v. State, 28 S.W.3d 570, 572 (Tex. Crim. App.
2000).