**428**

Hugh O'Fiel, Beaumont, for appellant.

Tom Maness, Dist. Atty., and R.W. Fisher, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty., Austin, for the State.

**Johnny Ray WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 685–89.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 14, 1990.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted by a jury of possessing less than 28 grams of cocaine. After finding that appellant was a habitual offender, the jury assessed punishment at 35 years in the Texas Department of Corrections.[1] This conviction was subsequently reversed and an acquittal ordered by a majority of the Beaumont Court of Appeals. *Williams v. State,* 770 S.W.2d 859 (Tx.App.—Beaumont 1989). We reverse the judgment of the Court of Appeals, and affirm appellant's conviction.

The State's petition was granted to determine whether the Court of Appeals majority correctly held the evidence was insufficient to show appellant was the person who deposited four "rocks" of cocaine behind the back seat of a Beaumont Police Department patrol car, and thus had been in possession of that cocaine.

---

1. Now the Texas Department of Criminal Justice, Institutional Division.

Evidence in this case consisted of the testimony of two Beaumont patrol officers, Godeaux and Simonson, and a Jefferson County chemist. The officers related that they commenced their shift on July 10, 1988, by searching their patrol car for any items that didn't belong there. About 2:30 p.m. Simonson pulled out the back seat, observing the area under it was clean, and felt around the area behind the back seat cushion, finding nothing. About 5:30 p.m. Godeaux noticed appellant driving a vehicle with an expired inspection sticker, and caused appellant to stop his car a few blocks later in a "high crime," "drug-infested area."

Appellant was unable to produce either a driver's license or proof of liability insurance, and falsely told Godeaux his name was Johnny Henry Kirkendall when Godeaux asked him if he was Johnny Ray Williams. Godeaux then placed appellant under arrest for driving without a license or proof of insurance, patted him down and checked the waistband of his pants for weapons, cuffed his hands behind his back, and placed him in the back seat of the patrol car.

During this time Simonson had directed a passenger in appellant's car to get out, and watched him while both stood outside their respective cars as Godeaux spent about five minutes conducting an inventory search of appellant's car. Neither officer watched appellant closely during the inventory search. At the conclusion of the search Godeaux locked appellant's car, telling the passenger he could leave, and the officers took appellant to the police station a few minutes away.

While Godeaux drove to the station, Simonson sat on the driver's side of the back seat and saw appellant, on the passenger side, "fidgeting," and "felt along this side of his pants here, and then he reached around the front and rubbed it up and down in the area where the pocket was right here (demonstrating)." However, Simonson never saw appellant put his hand inside his waistband or front pants pockets, and it was agreed that the pants appellant was wearing at the time had no rear pockets or pouches inside the waistband, and his shirt had no pockets anywhere.

At the station Godeaux took appellant to the booking desk, and Simonson pulled out the back seat of the patrol car, finding four "rocks" of what the chemist subsequently identified as cocaine beneath the spot appellant had been sitting.

The officers stated that no one else had occupied the back seat of their car since they started their shift, and they remembered making only one stop at which they left the car. On that occasion they locked the car. They admitted they might have made other traffic stops during which they would have gotten out of the car without locking it, but did not specifically remember doing so.

The Court of Appeals majority found the facts to be substantively identical with *Humason v. State*, 728 S.W.2d 363 (Tex.Cr. App.1987), in which this Court found the evidence insufficient to show Humason knowingly possessed cocaine. They therefore held the evidence in this cause to be insufficient, reversing the judgment of the trial court, and ordering that an acquittal be entered. One member of the Court of Appeals disagreed, believing that the only doubt that appellant had placed the cocaine in the patrol car was not reasonable, thereby concluding the evidence was sufficient.

Our comparison of the facts in this cause with those in *Humason*, supra, reveals several distinctions which we deem significant. In this cause there was evidence presented that no cocaine was beneath the patrol car seat prior to appellant being placed in that car, whereas in *Humason* there was no evidence as to when the cocaine was placed in his car. Additionally, nothing in *Humason* reflected actions by Humason to show either a guilty mind or control over the cocaine. Here appellant gave a false name when first stopped, then was observed "fidgeting," reaching, and rubbing while in the car, from which it reasonably could be inferred that he was depositing the cocaine beneath the seat.

As noted by the dissent below, the standard of review is whether any factfinder could rationally have excluded all *reason-*

*able* doubt, not necessarily with *all* doubt. Here there may be a possibility that someone other than appellant got into the patrol car and placed the cocaine under the seat precisely where appellant subsequently sat, or that the officers had testified falsely and planted the cocaine in the car, especially when the officers' failure to discover any cocaine on appellant's person when they conducted the pat-down search is considered. However, a rational factfinder could easily have found these possibilities not to be reasonable. An appellate court may not second-guess the finding at trial so long as some rational factfinder could conclude that any remaining doubts or outstanding hypotheses are not reasonable. Consequently, the evidence in this cause was sufficient to withstand appellate scrutiny. The State's ground for review is sustained.

The judgment of the Court of Appeals is reversed and the judgment of the trial court is affirmed.