IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-312-CR





R. B. ETHRIDGE,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT



NO. 39,878, HONORABLE JOE CARROLL, JUDGE PRESIDING



 





PER CURIAM

 A jury found appellant guilty of possessing cocaine. Controlled Substances Act,
71st Leg., R.S., ch. 678, sec. 1, § 481.115, 1989 Tex. Gen. Laws 2230, 2936 (Tex. Health &
Safety Code Ann. § 481.115, since amended). The jury assessed punishment, enhanced by two
previous felony convictions, at imprisonment for life. (1)

 On the afternoon of January 16, 1991, Temple police officer Danny Wills was told
by a reliable confidential informer that a man in a white Buick had shown the informer a quantity
of crack cocaine and told the informer that he would be selling the cocaine at the Wayman Manor
Apartments. At about the same time, a second Temple police officer, William Dorsey, was told
by another reliable confidential informer that appellant was selling crack cocaine from a white
Buick parked at the Wayman Manor Apartments. Dorsey, Wills, and other officers drove to the
apartment complex and found in the parking lot a white Buick occupied by appellant and another
man. A third man was standing beside the car and fled when the officers arrived. Dorsey said
this man appeared to be putting something in his mouth as he ran.

 Dorsey instructed appellant to exit the car. The officer frisked appellant, making
sure to shake his pants legs. Dorsey then moved appellant aside and saw a small foil-wrapped
object lying on the ground beside appellant's leg. The officer seized this object, which was shown
to contain cocaine. Dorsey testified that he examined the ground before frisking appellant and
saw nothing there.

 Appellant contends the evidence is legally insufficient to sustain the conviction. 
In determining the legal sufficiency of the evidence to support a criminal conviction, the question
is whether, after viewing all the evidence in the light most favorable to the verdict, any rational
trier of fact could have found the essential elements of the offense beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307 (1979); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App.
1981). Appellant urges that the evidence merely shows that he was present when the contraband
was found and that there is no evidence affirmatively linking him to the cocaine. Appellant notes
that other persons were in the parking lot on the afternoon in question and argues that another
person may have dropped the foil of cocaine on the ground. (2)

 Dorsey testified that he examined the ground before frisking appellant and saw
nothing. Because we must view the evidence in the light most favorable to the verdict, this
testimony excludes any reasonable possibility that the cocaine was lying in the parking lot before
appellant was frisked. After the frisk, the cocaine was discovered on the ground beside
appellant's leg. From these circumstances, a rational trier of fact could conclude beyond a
reasonable doubt that the cocaine fell from appellant's pants. The evidence is sufficient to
establish appellant's personal possession of the cocaine. See Williams v. State, 784 S.W.2d 428
(Tex. Crim. App. 1990); Joshua v. State, 696 S.W.2d 451, 455 (Tex. App.--Houston [14th Dist.]
1985, pet. ref'd). Point of error three is overruled.

 In two points of error, appellant contends the cocaine was seized following an
unlawful arrest and search and that the district court erred by overruling his motion to suppress. 
When the cocaine was offered in evidence at trial, appellant stated, "No objection." This waived
his claim that the evidence was inadmissible. Moody v. State, 827 S.W.2d 875, 889 (Tex. Crim.
App. 1992). Points of error one and two are overruled.

 Finally, appellant claims that his attorney at trial was ineffective because, at the
suppression hearing, he did not argue all grounds alleged in the motion to suppress. In addition,
appellant complains of counsel's failure to call Mitzie Avera to testify at trial. Appellant must
show that these errors were of such a serious nature that counsel was not functioning effectively
as counsel and that they prejudiced appellant's defense to such a degree that he was deprived of
a fair trial. Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 726 S.W.2d 53,
57 (Tex. Crim. App. 1986); and see Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App.
1985); O'Hara v. State, 837 S.W.2d 139, 143 (Tex. App.--Austin 1992, pet. ref'd).

 The record is silent as to why counsel chose to argue only an alleged lack of
probable cause at the suppression hearing. The record reflects that counsel interviewed Avera and
did not call her to testify at trial because he was of the opinion that her testimony was not
necessary. (3) There is no evidence that either decision by counsel was outside the wide range of
reasonable professional assistance. See Jackson v. State, 877 S.W.2d 768 (Tex. Crim. App.
1994). Points of error four and five are overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: January 25, 1995

Do Not Publish

1.   We previously affirmed this conviction in an unpublished opinion. Ethridge v. State,
No. 3-91-287-CR (Tex. App.--Austin Feb. 5, 1992, no pet.). The Court of Criminal Appeals later
granted appellant a second appeal. Ex parte Ethridge, No. 71,828 (Tex. Crim. App. Apr. 20,
1994) (not designated for publication). Appellant represents himself, having knowingly and
voluntarily waived counsel.
2.   This cause was tried before the abandonment of the reasonable alternative hypothesis
construct. Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991). 
3.   Avera was a newspaper reporter who wrote a brief article about appellant's arrest. 
Appellant contends that her article conflicts with Dorsey's testimony with regard to certain
details.