Opinion of February 19, 2004, Withdrawn, Affirmed and Corrected
Memorandum Opinion filed February 24, 2004









Opinion of February 19, 2004,
Withdrawn, Affirmed and Corrected Memorandum Opinion filed February 24, 2004.

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00209-CR

_______________

 

CHESTER THOMAS, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 178th District Court

Harris County, Texas

Trial Court Cause No. 920,016

                                                                                                                                                

 

M E M O R A N D U M   O
P I N I O N

In two issues, appellant, Chester Thomas, Jr., contends the
evidence is legally and factually insufficient to support his conviction for
possession of a controlled substance. 
Because all dispositive issues are clearly settled in law, we issue this
memorandum opinion and affirm.  See Tex. R. App. P. 47.4.

 

 








Background

On the evening of August 4, 2002, Marcus Romero, a Houston
police officer, and Tory Anderson, an officer in training, stopped appellant=s vehicle because he was driving with
one headlight out.  Using the computer in
their patrol car, they discovered appellant had outstanding warrants for
traffic citations.  While waiting for
verification of the warrants, Officer Romero instructed appellant to exit his
vehicle, and Officer Romero performed a Apat down@ search.  He then placed appellant in the backseat of
the patrol car.  After the warrants were
verified, appellant was arrested, handcuffed, and transported to the police
station.  At the station, appellant was
removed from the patrol car, and Officer Romero escorted him into the
station.  Meanwhile, Officer Anderson
searched the back of the patrol car and found a small, plastic bag containing a
white powder, later determined to be cocaine, on the floor.

A jury found appellant guilty of intentionally and knowingly
possessing less than one gram of cocaine. 
Appellant elected to have the trial court assess punishment.  He pled true to two enhancement paragraphs
concerning prior convictions for possession and delivery of a controlled
substance.  The trial court sentenced him
to two years= confinement in the Texas Department
of Criminal Justice, Institutional Division.

Analysis








A person commits an offense if the person knowingly or
intentionally possesses  cocaine.  See Tex.
Health & Safety Code Ann. ' 481.102 (Vernon Supp. 2004); Tex. Health & Safety Code Ann. ' 481.115 (Vernon 2003).  To establish the unlawful possession of a
controlled substance, the State must prove that the accused (1) exercised
actual care, control, or custody over the substance; and (2) was conscious of
his connection with it and knew what it was. 
Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).  Evidence which affirmatively links the
accused to the contraband suffices for proof that he possessed it
knowingly.  Id.  This evidence can be either direct or
circumstantial.  Id.  In either case, the evidence must establish
that the accused=s connection with the drugs was more than just
fortuitous.  Id.  However, the evidence need not be so strong
that it excludes every other outstanding reasonable hypothesis except the
defendant=s guilt.  Id. at 748. 

Affirmative links may include (1) appellant=s presence when the contraband was
discovered; (2) whether the contraband was in plain view; ( 3) appellant=s proximity to and accessibility of
the narcotic; (4) whether appellant was under the influence of narcotics when
arrested; (5) whether appellant possessed other contraband when arrested; (6)
whether appellant made incriminating statements when arrested; (7) whether
appellant attempted to flee; (8) whether appellant made furtive gestures; (9)
whether there was an odor from the contraband; (10) whether other contraband or
drug paraphernalia was present; (11) whether the place where the drugs were
found was enclosed; and (12) whether appellant owned or had the right to
possess the place where the drugs were found.  Hyett v. State, 58 S.W.3d 826, 830 (Tex.
App.CHouston [14th Dist.] 2001, pet. ref=d). 
However, there is no set formula of facts necessary to support an
inference of knowing possession.  Id.  Rather, affirmative links are established by
a totality of the circumstances.  Id.  The number of affirmative links is not as
important as the logical force they have in establishing the offense.  See Gilbert v. State, 874 S.W.2d 290, 298
(Tex. App.CHouston [1st Dist.] 1994, pet. ref=d).

Legal Sufficiency

In his first issue, appellant contends the evidence is
legally insufficient to prove he knowingly possessed a controlled substance
because the State failed to affirmatively link him to the cocaine found in the
patrol car.  In a legal sufficiency
challenge, we review the evidence in the light most favorable to the verdict to
determine if any rational fact finder could have found the essential elements
of the crime beyond a reasonable doubt.  King
v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).  We consider all evidence presented at trial;
however, we do not re‑weigh the evidence or substitute our judgment for
that of the fact finder.  Id.








Here, the testimony of Officers Romero and Anderson
affirmatively links appellant to the cocaine. 
Officer Romero explained that before going on duty, officers are
required to perform a Aroll call@ on their patrol car. 
In particular, they check the oil, check for any damage, and search the
back of the car to make sure there is no contraband.  Officer Romero testified that before going on
duty the evening of appellant=s arrest, he checked the oil, and Officer Anderson checked
the back of their patrol car.  In
contrast, Officer Anderson testified that both he and Officer Romero checked
the back of the car during the Aroll call,@ and neither officer checked the oil.  Nevertheless, Officer Anderson explained that
he pulled out the detachable backseat and found no contraband or weapons.[1]  He testified the lighting was Avery good@ in the garage where the Aroll call@ was performed, and he also used a
flashlight.[2]

The officers further testified that appellant was their first
arrest after going on duty that evening and the first person placed in the
patrol car after the Aroll call.@  Officer Anderson
testified that after they arrived at the station and removed appellant from the
car, he immediately checked the backseat for contraband as is customary.  He found the bag on the floorboard of the
middle of the backseat where appellant had been sitting.








Because the officers found no contraband in the back of the
patrol car during the Aroll call,@ appellant was the only occupant of the backseat after the Aroll call,@ and the cocaine was found in the
area where he had been sitting, the totality of the circumstances affirmatively
links him to the cocaine.  See
Williams v. State, 784 S.W.2d 428, 429_30 (Tex. Crim. App. 1990) (finding
sufficient evidence defendant possessed cocaine found in back of patrol car
after his arrest considering officers checked the back of the car before their
shift, defendant was the first occupant of the backseat during the shift, and
he was fidgeting and reaching while being transported to the police
station).  Therefore, the jury could have
found beyond a reasonable doubt that appellant knowingly possessed the cocaine.  Accordingly, the evidence is legally
sufficient to support the verdict. 
Appellant=s first issue is overruled.

Factual Sufficiency

In his second issue, appellant challenges factual sufficiency
of the evidence supporting the verdict. 
When conducting a factual sufficiency review, the evidence is not viewed
in the light most favorable to the verdict, and the verdict is set aside only
if it is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust.  Johnson v.
State, 23 S.W.3d 1, 6_7 (Tex. Crim. App. 2000).  We determine whether a neutral review of all
the evidence establishes that (1) the proof of guilt is so obviously weak as to
undermine confidence in the fact finder=s verdict; or (2) the proof of guilt,
even if sufficient standing alone, is greatly outweighed by contrary
proof.  Id. at 11.  Although we review the fact finder=s weighing of the evidence, and we
are authorized to disagree with the fact finder=s determination, our evaluation
should not substantially intrude upon the fact finder=s role as the sole judge of the
weight and credibility given to witness testimony.  Id. at 7.








Appellant contends several facts support his factual
sufficiency challenge.  First, he asserts
that he was thoroughly searched before being placed in the patrol car.  However, Officer Romero testified he did not
perform a complete search because they were stopped in a dangerous traffic
location.  Instead, he did a Apat check@ of appellant=s pockets for keys, which could be
used as a weapon.  Officer Romero also
did a Acheck down@ of appellant=s ankles and grabbed his groin
area.  Officer Romero explained he was
looking for weapons, not Asmall, minuscule articles@ during this search.  Therefore, a jury could reasonably conclude
that appellant possessed the cocaine when he was placed in the patrol car
although nothing was discovered during the Apat down@ search.  See Williams, 784 S.W.2d at 429B30 (noting defendant was patted down
before being placed in patrol car, yet finding sufficient evidence he possessed
cocaine subsequently found there).

Further, appellant asserts he was cooperative with the
officers and was not moving or fidgeting after being placed in the patrol
car.  Officer Romero testified that
appellant was in the backseat approximately fifteen to twenty seconds before he
was handcuffed.  During this time,
Officer Romero stood outside by the door and did not see any movement on
appellant=s part.[3]  However, while movement or fidgeting may
support a finding of possession, see id., the lack of movement or
fidgeting does not negate a finding of possession.  The jury could reasonably conclude that it
would not take much detectable movement for appellant to slip a small bag of
cocaine off his person and onto the floor of the patrol car.  See Logan v. State, 1993 WL 196834, at *2_3 (Tex. App.CHouston [14th Dist.] June 10, 1993,
no pet.) (not designated for publication) (finding sufficient evidence
defendant possessed cocaine found in back of patrol car although he made no
incriminating gestures; because he was not handcuffed, he could have rid himself
of the cocaine without noticeable movement).








Finally, appellant contends that the officers= Ainconclusive@ testimony regarding the Aroll call@ supports his factual sufficiency
challenge.  However, we have already
negated this argument.  Therefore, the
finding that appellant knowingly possessed the cocaine is not so contrary to
the overwhelming weight of the evidence as to be clearly wrong and unjust.  The evidence is factually sufficient to
support the verdict.  Appellant=s second issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

 

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed February 24, 2004.

Panel consists of
Justices Fowler, Edelman, and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  Appellant
maintains that the officers= testimony regarding who checked the backseat of the
car is contradictory and suspect. 
However, contradictions between witnesses=
testimony do not render the evidence insufficient.  Weisinger v. State, 775 S.W.2d 424,
429 (Tex. App.CHouston [14th Dist.] 1989, pet. ref=d).  Rather,
they go to the weight and credibility to be given such testimony by the fact
finder.  Id.  Reconciliation of the conflicts is within the
exclusive province of the jury.  Heiselbetz
v. State, 906 S.W.2d 500, 504 (Tex. Crim. App. 1995).  Further, any conflict here concerns Officer
Romero=s activities in connection with the Aroll call.@  The testimony establishes that at least
Officer Anderson checked the back of the car before the officers went on duty
and found no contraband. 





[2]  Appellant also
maintains Officer Anderson did not remember checking this specific car.  He cites Officer Anderson=s Ano@ answer to the following question on
cross-examination: AAnd you described to the jury pulling the seat
out.  Do you remember specifically this
particular patrol vehicle?@  However, it
appears Officer Anderson meant he did not remember the particular car, as
opposed to the search that evening, because this question was followed with
questions regarding the particular car, including its age and previous
use.  In the rest of his testimony,
Officer Anderson specifically recalled the search that evening, and the jury
was allowed to reconcile his answer to this question with the rest of his
testimony. See Heiselbetz, 906 S.W.2d at 504.





[3]  The record is
silent regarding any movement by appellant after he was handcuffed and while he
was transported to the station.