TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00505-CR






Billy Denzel Shell, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT

NO. 59,953, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 A jury convicted appellant Billy Denzel Shell of aggravated sexual assault of a child. 
See Tex. Penal Code Ann. § 22.021(a)(1)(B) (West Supp. 2008). He was sentenced to eight years
in prison. Shell contends that the district court erred by admitting a nurse's examination report and
challenges the sufficiency of the evidence to prove an extraneous offense. We affirm the judgment
of conviction.

 On March 16, 2006, R.G., who was 12 years old, attended a barbecue with some
friends. At the barbecue, she and her friends were introduced to several males, including Shell. R.G.
and one of her friends accepted a ride home with Shell. Also in the car were two unknown males. 
After Shell had dropped everyone off but R.G., he engaged in nonconsensual sex with her and then
dropped her off at the end of her street.

 After initially declining to answer questions about what had happened that night, R.G.
wrote a letter to her father two or three days later telling him what had happened. Her father took
her to the Killeen Police Department to report the rape.

 About three months later, a pediatrician in Killeen referred R.G. to the sexual assault
program at Scott and White in Temple. At Scott and White on June 21, 2006, R.G. was examined
by a sexual assault nurse examiner (SANE), who prepared a report. At trial, the SANE report was
admitted over Shell's objection.

 A jury convicted Shell as charged and sentenced him to eight years in prison. Shell
appeals.

 In his first point of error, Shell contends that the district court erred by admitting
the SANE report, arguing that the report was intended not to assist the jury in understanding the
evidence, but to improperly bolster R.G.'s credibility. (1) We review a trial court's decision to admit
or exclude evidence for an abuse of discretion. Shuffield v. State, 189 S.W.3d 782, 793 (Tex. Crim.
App. 2006). Unless the trial court's decision was outside the zone of reasonable disagreement, we
uphold the ruling. Id.; Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).

 Expert testimony may be admitted pursuant to Rule 702 of the rules of evidence:


 If scientific, technical, or other specialized knowledge will assist the trier of fact to
understand the evidence or to determine a fact in issue, a witness qualified as an
expert by knowledge, skill, experience, training, or education, may testify thereto in
the form of an opinion or otherwise.

Tex. R. Evid. 702. Expert testimony is inadmissible, however, even under Rule 702, if the testimony
"decides an ultimate fact for the jury," including a "direct opinion on the truthfulness of a child." 
Yount v. State, 872 S.W.2d 706, 709 (Tex. Crim. App. 1993) (quoting Duckett v. State, 797 S.W.2d
906, 915 (Tex. Crim. App. 1990)). In the context of a sexual assault, an expert may testify that
the witness exhibits symptoms consistent with sexual abuse, but not that a witness is truthful. Cohn
v. State, 849 S.W.2d 817, 818-19 (Tex. Crim. App. 1993).

 During her testimony, Dr. Pamela Sue Greene read R.G.'s history from the SANE
report:


 I was in a car with Billy. He stopped the car. He got in the backseat and grabbed my
pants and panties and tried to pull them down. I was trying to open the door to get
out. I was pushing him off and telling him no. Finally, he got my pants down and
put his penis into my vagina. It hurt. I bled some that night but I thought it was my
period.



In addition to reading from the SANE report, Dr. Greene testified that her findings were consistent
with a sexual assault. Shell specifically complains of testimony that he characterizes as follows:
"[I]n her opinion, based on her training and experience, the tear on the hymen was consistent
with her [R.G.'s] account of sexual assault." Shell objects to these specific statements, arguing
that information was conveyed in a manner that amounts to impermissible bolstering. According
to Shell:


 The appropriate testimony elicited from Dr. Greene should have been that the
findings were consistent with an allegation of sexual assault with a penis. This
would eliminate the jury from deducing that the defendant was the individual who
committed the act because the complaining witness said so.


 Contrary to Shell's assertion, however, Dr. Greene never testified that the findings
of her exam of R.G. were consistent with R.G.'s account of the assault. Rather, Dr. Greene testified
that the findings were consistent with R.G.'s history:


 Well, in, you know, a 13-year-old who had--has never had sex, she's never used
tampons, she has a history that someone put a penis in her vagina, we would say that
these findings would support her history.



Nothing in this testimony is a comment on the doctor's opinion about the truth of R.G's account of
the assault. Rather, Dr. Greene testified that her findings were consistent with the history reported
by R.G.--that, for a 13-year-old girl who had never had sex or used tampons, the "medical evidence
[was] consistent with the male sexual organ and penis entering the vagina." Dr. Greene's testimony
never suggests that the jury should deduce that "the defendant was the individual who committed
the act." The testimony merely conveys that findings from R.G.'s medical exam were "consistent
with an allegation of sexual assault with a penis," exactly the testimony that Shell argues would have
been appropriate.

 Shell relies chiefly on Reyes v. State, 274 S.W.3d 724 (Tex. App.--San Antonio
2008, no pet.), attempting to distinguish it to support his position that Greene's testimony improperly
bolstered the testimony of R.G. According to Shell, his case is distinguishable from Reyes because
here "the Appellee is attempting to have the expert witness 'vouch' for the truthfulness of the
complaining witness to mislead the jury into believing that the expert believes the account given by
the complaining witness."

 Reyes involved a conviction for aggravated sexual assault of a child. 274 S.W.3d
at 726. Reyes challenged the testimony of a doctor who had examined the child following the
assault. Id. at 730. The doctor's testimony was similar to that of the Dr. Greene's in the case at bar: 
the exam was abnormal, particularly with regard to the hymen at the six o'clock position, and these
findings were consistent with "trauma caused by penetration of [the victim]'s sexual organ with
the male sexual organ of another individual." Id. According to Reyes, this and other testimony
amounted to a comment on the child's truthfulness. Id. The court of appeals, however, concluded
that the doctor's testimony was in no way a comment on the child's truthfulness, explaining that,
"[p]ursuant to Rule 702, it was permissible for [the doctor] to testify regarding behavioral
characteristics common among abused children and to give her expert opinion that [the victim]'s
examination was consistent with penetration." Id.

 As in Reyes, Dr. Greene was permitted to testify that the findings of R.G.'s
examination "were consistent with the male sexual organ and penis entering the vagina." We
conclude that Dr. Greene's testimony did not amount to improper bolstering. We overrule Shell's
first point of error. (2)

 In his second point of error, Shell challenges the sufficiency of the evidence to
support an unadjudicated extraneous offense admitted during the punishment phase of trial. We
review the sufficiency of the proof of an extraneous offense introduced at the punishment stage
by reviewing the trial judge's threshold ruling on admissibility for an abuse of discretion. Malpica
v. State, 108 S.W.3d 374, 378-79 (Tex. App.--Tyler 2003, no pet.).

 The State asserts that Shell has failed to preserve error on this issue by failing to
object to the admissibility of the evidence when it was offered and admitted. As the State suggests,
Shell made no objection to the sufficiency of the evidence of the offense. Rather, Shell objected
to the admissibility of evidence of the offense on the grounds that the offense had not resulted in
a conviction or been prosecuted to a final judgment. The code of criminal procedure imposes no
such requirement, however. See Tex. Code Crim. Proc. Ann. art. 37.07(3)(a) (West Supp. 2008). 
Evidence of an extraneous offense may be admitted as long as the trial court determines that a jury
could find beyond a reasonable doubt that the defendant committed the offense, "regardless of
whether he has previously been charged with or finally convicted of the crime or act." Id. Here,
pursuant to section 37.07(3)(a), the district court properly admitted evidence of the extraneous
offense even though there had been no final conviction.

 At trial, Shell cited no additional grounds for objecting to the introduction of evidence
of the extraneous offense and has, therefore, failed to preserve additional grounds of error. See
Tex. R. App. P. 33.1. Even if Shell had objected to the admission of the evidence on sufficiency
grounds, however, evidence of the extraneous offense was properly admitted, as the jury could have
found beyond a reasonable doubt that Shell committed the offense. See Malpica, 108 S.W.3d at 379
("If the judge is satisfied that there is evidence upon which a rational jury could find beyond a
reasonable doubt that the defendant committed the extraneous misconduct, the defendant, in order
to preserve error, must object to the introduction of the evidence of the extraneous bad act.").

 The State introduced evidence of the extraneous offense through the testimony
of Officer Brandon Buttram. According to Buttram, on March 25, 2006, he was called to a club
in Harker Heights in response to a fight. When Buttram arrived at the club, a man who initially
identified himself as Desmon Shell was verbally abusing and threatening the club's staff. When
Buttram questioned Shell after discovering an outstanding warrant for the arrest of Desmon Shell,
Shell admitted that Desmon Shell was his brother and properly identified himself as Billy Shell. 
Buttram arrested Shell for failure to identify. See Tex. Penal Code Ann. § 38.02 (West Supp. 2008). 
According to Buttram, before directing Shell to the patrol car, Buttram pulled the back seat out of
the car to be sure that nothing was there, and he found nothing. After driving Shell to the police
station and going inside, Buttram asked Shell if he had left anything in the car. Shell stated that he
had left some lip balm. When Buttram again searched the back seat, he found the lip balm and a
blue pill, which was subsequently identified as MDMA, also known as ecstasy.

 In support of his argument that no rational trial of fact could find beyond a reasonable
doubt that Shell possessed a controlled substance, Shell points to Buttram's testimony on cross
examination. Buttram testified that he handcuffed Shell's hands behind his back and observed
nothing in Shell's hands at that time. Buttram also admitted that, although Shell was placed in the
car on the passenger side and remained there, the pill was found behind the driver's seat. Buttram
never saw the pill in Shell's possession and further testified that he did not see Shell make any
"furtive gesture."

 In similar circumstances, courts have determined that the type of evidence presented
through Buttram's testimony is sufficient to allow a rational fact-finder to determine beyond a
reasonable doubt that the defendant committed the offense. In Williams v. State, 784 S.W.2d 428
(Tex. Crim. App. 1990), Williams was arrested for failure to identify. Officers patted him down,
checked the waistband of his pants, and cuffed his hands behind his back. Id. at 429. When the
officers drove Williams to the police station, one of the officers sat in the back seat with Williams. 
Id. That officer testified that he saw Williams fidgeting but never saw him put his hand inside
his pocket or his waistband, and the pants appellant was wearing had no rear pockets. Id. After
officers took Williams inside the police station, they removed the back seat and found four rocks
that were later identified as cocaine. Id. The officers testified that before their shift began, they
had removed the back seat and had found no foreign objects. Id. Based on this evidence, the
Beaumont Court of Appeals reversed the jury's conviction. Id. at 428. The Court of Criminal
Appeals, however, reversed the Beaumont Court and affirmed the conviction, holding that the
evidence was sufficient to allow a rational jury to find that appellant knowingly possessed cocaine. 
Id. at 430. Particularly significant to the Court of Criminal Appeals was testimony that no cocaine
was beneath the seat of the car prior to Williams' being placed in the car and the fact Williams
initially gave a false name. Id. at 429. In addition, the Court noted Williams's "fidgeting." Id.

 Here, the circumstances surrounding Shell's arrest are almost identical to those in
Williams. The only distinction is that, here, the arresting officer did not notice any "furtive gesture." 
In this case, however, the only officer present was the officer driving the vehicle. Although Buttram
testified that he noticed no "furtive gesture," unlike the officer in Williams, who had been sitting
in the back seat with appellant, Buttram had been attempting to watch Shell from the front seat
while driving the vehicle. Based on the similar evidence presented here, a rational jury could have
determined beyond a reasonable doubt that Shell was in possession of MDMA on the night in
question. See id.; see also Thompson v. State, No. 03-05-00443-CR, 2006 Tex. App. LEXIS 9325
(Tex. App.--Austin Oct. 27, 2006, no pet.) (mem. op., not designated for publication) (evidence
sufficient to allow rational fact-finder to find possession beyond a reasonable doubt where officers
performed the required routine inspection of back seat before appellant entered car and found
cocaine in car after appellant exited car). The district court did not abuse its discretion by allowing
the jury to consider the evidence. Accordingly, we overrule Shell's second point of error.

 Having overruled Shell's points of error, we affirm the judgment of conviction.



 __________________________________________

 G. Alan Waldrop, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed: May 15, 2009

Do Not Publish
1. Although Shell initially seems to complain only of the admission of the SANE report, his
argument suggests that he is complaining not of the report itself but of the accompanying testimony
of Dr. Pamela Sue Greene. Shell objected to both at trial.
2. At trial, Shell also objected to the evidence on the grounds that it was hearsay and
irrelevant and that its probative value was outweighed by its potential prejudicial effect, but Shell
raises none of these additional grounds on appeal.