Opinion filed November 13, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed November 13,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-08-00090-CR

                                                    __________

 

                                      ELLIOTT HUGHES, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 238th District Court

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. CR33973

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

The
jury convicted Elliott Hughes of the offense of possession of methamphetamine,
and the trial court assessed his punishment at confinement in a state jail
facility for eight months.  We affirm. 








Appellant
presents two issues on appeal.  In these issues, he challenges the legal and
factual sufficiency of the evidence showing that he possessed the
methamphetamine.  We will apply the following well-recognized standards of
review to appellant=s
sufficiency challenges.  To determine if the evidence is legally sufficient, we
must review all of the evidence in the light most favorable to the verdict and
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex. Crim. App.
2000).  To determine if the evidence is factually sufficient, we must review
all of the evidence in a neutral light and determine whether the evidence
supporting the verdict is so weak that the verdict is clearly wrong and manifestly
unjust or whether the verdict is against the great weight and preponderance of
the conflicting evidence.  Watson v. State, 204 S.W.3d 404, 414-15 (Tex.
Crim. App. 2006); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App.
1996). 

In
cases involving unlawful possession of a controlled substance, the State must
prove that the accused exercised care, custody, control, or management over the
substance and that the accused knew that the matter possessed was contraband.  Martin
v. State, 753 S.W.2d 384 (Tex. Crim. App. 1988).  When the accused is not
shown to have had exclusive possession of the place where the contraband was
found, the evidence must link the accused to the contraband and establish that
the accused=s
connection with the drug was more than fortuitous.  Evans v. State, 202
S.W.3d 158, 161-62 (Tex. Crim. App. 2006); Pollan v. State, 612 S.W.2d
594 (Tex. Crim. App. 1981). 

The
record in this case shows that Officer Loren Frost was investigating a complaint
of threatening phone calls being made by appellant.  Officer Frost approached
appellant to talk to him and noticed the smell of alcohol on appellant=s person.  Officer Frost
also observed that appellant was somewhat unsteady and that his speech was
slurred.  Officer Frost conducted a cursory pat-down search for weapons and
observed a small yellow key in appellant=s
pocket, but he found nothing of significance.  Appellant was arrested for
public intoxication, handcuffed, placed in the backseat of the patrol car, and
taken to jail.

Shortly
after arriving at the jail, Officer Frost received information that appellant
was known to carry marihuana in his underwear.  Appellant was strip searched,
but no drugs were found.  Officer Frost then went out to check his patrol
car more thoroughly and found the yellow key that had been in appellant=s pocket and a small baggie
containing methamphetamine in the form of Acrystal
meth.@  The key and
the baggie were located next to each other in a hole in the backseat where the
seatbelt latch comes through the seat.  The contents of the baggie weighed .29
grams.  Appellant denied having anything to do with the baggie and testified
that he did not Amess
with drugs.@








Officer
Frost testified that he had thoroughly checked his patrol car and removed the
backseat prior to his shift and that nobody other than appellant had been in
the backseat that night.  According to Officer Frost, appellant moved around a
lot while in the backseat of the patrol car.  Appellant also made a comment
about slipping the cuffs in front of him.

We
hold that the evidence is both legally and factually sufficient to support
appellant=s
conviction.  See Williams v. State, 784 S.W.2d 428 (Tex. Crim. App.
1990) (where similar evidence was held to be legally sufficient to support
conviction).  Although the methamphetamine was not found on appellant=s person and he was not
observed placing the baggie into the hole in the backseat of the patrol car,
the evidence sufficiently linked appellant to the baggie:  the backseat had
been thoroughly checked prior to Officer Frost=s
shift; appellant was the only person that had been in the backseat that night
when the baggie was found; and appellant=s
key was found next to the baggie.  Appellant=s
issues are overruled.  

The
judgment of the trial court is affirmed.  

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

November 13,
2009

Do not publish. 
See Tex. R. App. P.
47.2(b). 

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.