**Opinion filed November 13, 2009**



In The

# Eleventh Court of Appeals

———————

## No. 11-08-00090-CR

———————

## ELLIOTT HUGHES, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR33973**

## M E M O R A N D U M   O P I N I O N

The jury convicted Elliott Hughes of the offense of possession of methamphetamine, and the trial court assessed his punishment at confinement in a state jail facility for eight months. We affirm.

Appellant presents two issues on appeal. In these issues, he challenges the legal and factual sufficiency of the evidence showing that he possessed the methamphetamine. We will apply the following well-recognized standards of review to appellant's sufficiency challenges. To determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements

of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979); *Jackson v. State*, 17 S.W.3d 664 (Tex. Crim. App. 2000). To determine if the evidence is factually sufficient, we must review all of the evidence in a neutral light and determine whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).

In cases involving unlawful possession of a controlled substance, the State must prove that the accused exercised care, custody, control, or management over the substance and that the accused knew that the matter possessed was contraband. *Martin v. State*, 753 S.W.2d 384 (Tex. Crim. App. 1988). When the accused is not shown to have had exclusive possession of the place where the contraband was found, the evidence must link the accused to the contraband and establish that the accused's connection with the drug was more than fortuitous. *Evans v. State*, 202 S.W.3d 158, 161-62 (Tex. Crim. App. 2006); *Pollan v. State*, 612 S.W.2d 594 (Tex. Crim. App. 1981).

The record in this case shows that Officer Loren Frost was investigating a complaint of threatening phone calls being made by appellant. Officer Frost approached appellant to talk to him and noticed the smell of alcohol on appellant's person. Officer Frost also observed that appellant was somewhat unsteady and that his speech was slurred. Officer Frost conducted a cursory pat-down search for weapons and observed a small yellow key in appellant's pocket, but he found nothing of significance. Appellant was arrested for public intoxication, handcuffed, placed in the backseat of the patrol car, and taken to jail.

Shortly after arriving at the jail, Officer Frost received information that appellant was known to carry marihuana in his underwear. Appellant was strip searched, but no drugs were found. Officer Frost then went out to check his patrol car more thoroughly and found the yellow key that had been in appellant's pocket and a small baggie containing methamphetamine in the form of "crystal meth." The key and the baggie were located next to each other in a hole in the backseat where the seatbelt latch comes through the seat. The contents of the baggie weighed .29 grams. Appellant denied having anything to do with the baggie and testified that he did not "mess with drugs."

2

Officer Frost testified that he had thoroughly checked his patrol car and removed the backseat prior to his shift and that nobody other than appellant had been in the backseat that night. According to Officer Frost, appellant moved around a lot while in the backseat of the patrol car. Appellant also made a comment about slipping the cuffs in front of him.

We hold that the evidence is both legally and factually sufficient to support appellant's conviction. *See Williams v. State*, 784 S.W.2d 428 (Tex. Crim. App. 1990) (where similar evidence was held to be legally sufficient to support conviction). Although the methamphetamine was not found on appellant's person and he was not observed placing the baggie into the hole in the backseat of the patrol car, the evidence sufficiently linked appellant to the baggie: the backseat had been thoroughly checked prior to Officer Frost's shift; appellant was the only person that had been in the backseat that night when the baggie was found; and appellant's key was found next to the baggie. Appellant's issues are overruled.

The judgment of the trial court is affirmed.

JIM R. WRIGHT
CHIEF JUSTICE

November 13, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

3