**AFFIRM; and Opinion Filed April 14, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-01031-CR

### JERRY PAUL HERRON, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F11-40878**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Lewis
Opinion by Justice Lewis

A jury found appellant Jerry Paul Herron guilty of possession of one gram or more but less than four grams of heroin. The trial court assessed his punishment at ten years' confinement; the court then suspended that sentence, placed appellant on community supervision for five years, and imposed a fine of $1,000. In this Court, appellant contends the evidence is insufficient to establish that he possessed the contraband. He also contends the trial court lacked jurisdiction to hear and render judgment in his case. Because these issues involve the application of well-settled principles of law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.4. We affirm the trial court's judgment.

### Background

Appellant's truck was observed outside a house under surveillance for suspected drug activity. A detective assigned to the surveillance checked the license plates on the truck and

learned the truck's plates had expired some two years earlier. When appellant left the house, the detective called for a patrol car to stop appellant for the traffic offense. Officer Richard Berg of the Mesquite Police Department took charge of the stop. Berg noticed shortly after he arrived that appellant's registration sticker did not match the make of the truck or its plates. Appellant was not carrying a driver's license when he was stopped, and he initially gave police a false name and birth date.

When it was determined appellant would be arrested for the traffic violations, Berg patted appellant down to identify any weapons on appellant's person. Then Berg searched appellant more thoroughly, although Berg conceded at trial that—because the search took place in public—he did not search appellant's underwear or body cavities. Finally, after a second officer examined the back seat and floor, appellant was placed in Berg's patrol car. Berg drove the car to the police station; appellant remained handcuffed in the back seat with a camera recording him throughout the trip. When Berg arrived at the station, he turned off the camera and the car. Appellant remained locked inside the car while Berg stored his weapons in the trunk.[1] Then appellant was removed from the car and taken inside. Berg searched his patrol car immediately after appellant was removed. He found a white napkin containing three baggies of black tar heroin behind the seat's back rest, directly behind where appellant had been sitting.

Appellant was charged with possession of the heroin and was convicted. He appeals.

## Sufficiency of the Evidence

In his first issue, appellant argues the evidence is insufficient to support the jury's finding that he possessed the heroin found in the patrol car. In reviewing a challenge to the legal sufficiency of the evidence, we examine the evidence in the light most favorable to the judgment

---

[1] Berg testified that weapons were not permitted inside the police station, so it was standard procedure to lock them in the trunk of the car when bringing a prisoner to the station.

to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The jury determines the credibility of the witnesses and the weight to be given their testimony. *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). As a reviewing Court, we ensure the evidence presented supports the jury's verdict and the State has presented a legally sufficient case of the offense charged. *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). To prove unlawful possession of a controlled substance, the State must prove that (1) the accused exercised control, management, or care over the substance, and (2) the accused knew the matter possessed was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). If the accused is not in exclusive possession of the place where the contraband is found, the State must provide independent facts and circumstances that link the accused to that contraband. *Id.* at 406.

In this case, Officer Berg provided some of those independent facts and circumstances necessary to link appellant to the heroin. He testified that every day when he begins his shift he carefully searches the patrol car assigned to him for that day. His search includes removing the unbolted back seat and pulling on the back rest to release anything that could be pushed up under it. Berg testified he searched his vehicle in this manner when his shift began that day. He also testified that no one else rode in the back seat of the car that day before appellant did.

The State also introduced the video recording from the back-seat camera in Berg's patrol car. Initially, the video shows an officer checking the back seat and floor of the car. Then the video records appellant in the back seat of the car from the time he was arrested and placed there until the car arrived at the police station. On two different occasions, the video shows appellant leaning far forward, purportedly to talk to Berg while the latter was driving. On both occasions, appellant's leaning forward is accompanied by movement of his arms and hands behind him. In

–3–

the second instance, appellant clearly leans his body to one side before he sits back and visibly shifts his weight. The video was analyzed by both Berg and defendant's expert, R.D. Lewis. Both Berg and Lewis testified they could not identify on the video a specific point in time when appellant clearly deposited the heroin in the seat. But both also agreed appellant's leaning forward could have been intended to distract Berg, and both remarked on movement of appellant's hands. It is also undisputed that appellant was alone in the patrol car while Berg was storing weapons in the car's trunk. During that period of time, the camera was not recording, and both Berg and Lewis conceded that appellant could have deposited the drugs during that period of time.

After viewing the evidence in the light most favorable to the verdict, we conclude a rational jury could find beyond a reasonable doubt that the State presented sufficient evidence affirmatively linking appellant to the heroin in the patrol car. *See Williams v. State*, 784 S.W.2d 428, 429–30 (Tex. Crim. App. 1990). Therefore, we conclude the evidence is sufficient to support the jury's finding that appellant possessed the heroin. We decide appellant's first issue against him.

### Jurisdiction

In his second issue, appellant contends the trial court lacked jurisdiction over this case because it was not transferred to the trial court's docket. A grand jury was impaneled by the 194th Judicial District Court in Dallas County. The indictment was returned to the 291st Judicial District Court, where the case was adjudicated. Appellant argues that, because the record does not include a transfer order to the 291st Judicial District Court, the trial court never obtained jurisdiction over the case, and the judgment is therefore void.

A grand jury formed and impaneled by a district judge inquires into all offenses liable to indictment, and hears all the testimony available before voting on whether to indict an accused.

–4–

TEX. CODE CRIM. PROC. ANN. arts. 20.09, 20.19 (West 2005). After the conclusion of testimony, a grand jury votes "as to the presentment of an indictment." TEX. CODE CRIM. PROC. ANN. art. 20.19. Following presentment, an indictment is filed in a court with jurisdiction to hear the case. *Bourque v. State*, 156 S.W.3d 675, 678 (Tex. App.—Dallas 2005, pet. ref'd).

In counties having two or more district courts, the judges of the courts may adopt rules governing the filing, numbering, and assignment of cases for trial, and making whatever distribution of the courts' work the judges consider necessary or desirable for the conduct of the business of the courts. TEX. GOV'T CODE ANN. § 24.024 (West Supp. 2013). Thus, although a specific district court may impanel a grand jury, all cases returned by that grand jury are not necessarily assigned to the impanelling court. *Bourque*, 156 S.W.3d at 678.

Here, the record shows the grand jury was impaneled by the 194th Judicial District Court. Following the return of appellant's indictment, the case was filed in the 291st Judicial District Court. Nothing in the record indicates this case was originally filed in or appeared on the trial docket of the 194th Judicial District Court. To the contrary, the record establishes that when appellant made his initial appearance at which bail was set, all felony charges associated with his arrest were assigned to the 291st Judicial District Court. We conclude a transfer order to that court was not required. We decide appellant's second issue against him.

## Conclusion

We affirm the trial court's judgment.

/David Lewis/
DAVID LEWIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

131031F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JERRY PAUL HERRON, Appellant

No. 05-13-01031-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F11-40878.
Opinion delivered by Justice Lewis.
Justices Francis and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 14th day of April, 2014.

/David Lewis/

DAVID LEWIS
JUSTICE